No. 6251

## L. B. HARRIS ET AL *v.* ROBERT SPENCE.

1. PRACTICE.—After an announcement by both parties to a cause of ready for trial, the court can not, as a matter of right, allow amendments to pleading when requested.

2. SAME.—In the absence of a statement of facts, when there is nothing to show that excluded testimony was relevant to the pleadings as they appear in the transcript, and material to the case of the party complaining as made, the judgment can not be reversed.

3. SAME.—The practice of testing the sufficiency of pleading by objecting to testimony for defects in it, deprecated.

APPEAL from Tom Green. Tried below before the Hon. W Kennedy.

*Mays & Wright* and *J. W. Timmins*, for appellant: Where a surety pleads a discharge by reason of the fact that the payee of the note sued upon, at the date of the execution of said note, took a mortgage from the principal to secure the same, and afterwards gave his consent to the sale by the principal of the property so mortgaged, and by reason of the said acts of the said payee, said security so created by said mortgage is lost, and the said surety pleads that he was induced to sign the note by reason of the taking of said mortgage, it is not necessary for the surety to allege in his answer that the principal is insolvent. (James v. Jacques, 26 Texas, 320; Mitchell v. DeWitt, 25 Texas Supp., 180; Sublett v. McKinney, 19 Texas, 438; Jordan v. Hudson, 11 Texas, 82.)

If the pleading in this cause is defective, then it is error to exclude testimony offered in support of a pleading merely defective, and liable to be held bad on exception. (Deaton v. The State, 44 Texas, 446; Alford v. Smith, 40 Texas, 78; Pyron v. Butler, 27 Texas, 272; Halsel v. Nutt, 24 Texas, 265.)

When a party has a meritorious cause of action and gross injustice will otherwise be done him, even though negligence may be imputable to his attorneys, it was error not to permit the party to withdraw his announcement and amend. (Buford v. Bostick, 50 Texas, 375.)

There is no statement of facts in this record, but the bills of exception contain sufficient statement for the court to pass

upon the errors complained of.   (Fox v. Sterne, 21 Texas, 407;
Dalby v. Booth, 16 Texas, 563; Sublett v. Kerr, 12 Texas, 367;
Galbreath v. Templeton, 20 Texas, 46; King v. Gray, 17 Texas,
62; Webb v. Maxon, 11 Texas, 679; Harvey v. Hill, 7 Texas,
591.)

*Fisher & Townes*, for appellee:  To enable the court in the
absence of a statement of facts to entertain any alleged error
in the rejection of testimony, the record must show:

First.  A good and sufficient plea which the testimony tend-
ed to prove.

Second.   The bill of exceptions reserved to the exclusion of
the testimony must be sufficiently full to enable the court from
an inspection thereof to say that the evidence offered was
material and relevant, and that injustice was done by its re-
jection.   (Lanier v. Perrymore, 59 Texas, 106, and cases cited;
Tarlton v. Daily, 55 Texas, 96, and cases cited.)

If pleading is bad on general demurrer, that is, if it omits
any substantial allegation essential to its legal sufficiency, and
is not simply defective in the manner of setting out essential
matters, it is error to admit testimony in support thereof.   The
proof can not go beyond the plea, and if it be introduced can
not be carried forward into the judgment.   (Walton v. Bogel,
62 Texas, 638; Chrisman v. Miller, 15 Texas, 161; Lemmon v.
Houley, 28 Texas, 227; Spellars v. Curry, 10 Texas, 143; Stein-
lein v. Dial, 10 Texas, 268; Phillips v. Wheeler, 10 Texas, 543;
Freeman v. Neyland, 23 Texas, 530; Mitchell v. Bass, 26 Texas,
376; Glasscock v. Manor, 4 Texas, 7; Edrington v. Kiger, 4
Texas, 89; Power v. Gillespie, 27 Texas, 370.)

Where a party has a meritorious cause of action or defense,
and has been negligent with regard thereto and desires a new
trial, to prevent injustice, he must have something in the rec-
ord to disclose this merit.   If it has been developed in the con-
duct of the cause, and is already apparent to the court, that
may suffice.   If it has not, it should be set out in affidavits, and
in that way brought to the court's notice.   It should not be left
to allegation unsupported except by surmise.

If appellants were in fact sureties, they should have offered
in evidence during the trial, or made affidavit to that effect
and filed with their motion for rehearing.

WALKER, ASSOCIATE JUSTICE.   Spence, the appellee, sued J.
W. Lawhon, D. D. Kennon, A. K. Barfield, H. C. Barfield, L.

B. Harris, J. N. Upton, J. W. Barfield and A. J. Rogers, on a joint and several promissory note, made by them to Rainey and indorsed to plaintiff, for five thousand dollars and twelve per cent interest from maturity, the note being of date September 16, 1884, and due ninety days thereafter; renewed, and time extended six months; a credit of sixty-three dollars.

The defendants Harris and Upton pleaded usury, and further that they signed as sureties only, for the accommodation of J. W. Lawhon, A. K. and M. C. Barfield, and D. D. Kennon; that when they (Harris and Upton,) signed the note, Rainey, the owner of the note, had a deed of trust for security upon two thousand three hundred head of cattle (giving marks and brands), on the range in Tom Green and Concho counties, being ample security for the note; that but for this deed of trust they would not have signed the note; that Rainey, while owner of the note, permitted the principals thereon to sell three hundred of the cattle, and to apply the proceeds to their own use, and not upon the note. Defendants plead the value of said cattle as offset, and also the sum of seven hundred and seventy-five dollars, proceeds of sale of cattle under the deed of trust alleged to have been otherwise appropriated.

February 12, 1887, on trial without a jury, judgment was rendered for plaintiff against the appellants Harris and Upton for four thousand seven hundred and fifty-four dollars and thirty-one cents, and against all the others for six thousand five hundred and twenty-two dollars and costs, including stipulated attorney fee of ten per cent. Harris and Upton appealed. There is no statement of facts.

The record contains two bills of exceptions. The first shows that appellants introduced Dan Kennon as a witness, who testified "that after the execution of the deed of trust to Rainey, and prior to the sale under it, he and defendant Lawhon sold four hundred or five hundred head of cattle, principally in the brands covered by the deed of trust, and the proceeds had been applied to other purposes than on the note." When defendant's counsel then asked witness "If Rainey gave his consent to the sale of said cattle?" To which question and the answer the plaintiff objected on the ground "that defendants had not alleged in their answer the insolvency of the principals on the note, and that said answer did not show that defendants were injured by the sale." The objection was sustained.

The second bill of exceptions shows that appellants offered

to prove by the witness Kennon "that Rainey, the original holder of the note sued on, while the holder of the note gave his consent to and permitted the principals to squander and dispose of certain cattle upon which there was a deed of trust given by the principals to secure the payment of said note, and which deed of trust was alleged by said Harris & Upton to have been an inducement for their signing the note as sureties." To which plaintiff objected because "it was not alleged in their answer that the principals were insolvent, and no charge was in the answer that Rainey had notice of such inducement." The objections were sustained. Appellants then asked leave of the court to withdraw their announcement of ready for trial on the ground of surprise so that they might amend their answers so as to conform to the views of the court. This was refused and defendants excepted. The assignments attack the action of the court in excluding the testimony of the witness Kennon, and in refusing to allow appellants to withdraw the case from trial in order that they might amend. The motion for new trial merely urged the action of the court on the trial, and no affidavit or other showing is made showing injury by the rulings of the court, or that the defendants have a meritorious defense.

It appears that the judgment against the alleged principals in the note was for one thousand seven hundred and sixty-seven dollars and sixty-nine cents in excess of the recovery against appellants. From this it must be presumed that there was some kind of adjustment—testimony and action thereon favorable to appellants, and in the absence of a statement of facts we can not determine from the record that the excluded testimony could have increased the amount of the credit allowed them on the trial. After announcement of ready for trial the court can not allow amendment to the pleadings as matter of course. (1192 Rev. Stats.) No showing of surprise or injury was shown at the time or afterwards as basis for the court to act upon the amendment to pleadings asked.

The practice of testing the sufficiency of pleadings by objecting to testimony for defects in it is deprecated. Beyond what appellants seem to have been allowed on the trial it does not appear that the excluded testimony could have benefited appellants. The insolvency of the alleged principals and knowledge of the alleged motive to the appellants signing the note, were not alleged. If material the absence was not sup-

plied by the testimony. (62 Texas, 638; 15 Texas, 161; 3 Texas, 305.) The absence of these allegations with the absence in the records if any, showing that appellants were in fact sureties, renders the exclusion of the testimony harmless in the final result. In absence of the statement of facts, and it not being shown that the excluded testimony was relevant to the pleadings as they are of record, and material to the defendant's case as made, the judgment can not be reversed. (59 Texas, 106; 55 Texas, 496; 29 Texas, 432; 27 Texas, 438; 23 Texas, 674; 21 Texas, 408; 20 Texas, 7; 20 Texas, 46; 17 Texas, 62; 16 Texas, 365; 12 Texas, 368.)

Judgment below affirmed.

*Affirmed.*