### WARREN et al. v. WARD OIL CORPORATION.

### No. 4573.

Court of Civil Appeals of Texas. Texarkana.

July 4, 1935.

Rehearing Denied Sept. 12, 1935.

Warren & Warren, of Tyler, and W. M. Futch, of Henderson, for appellants.

McEntire, James & Clower, of Tyler, for appellee.

. HALL, Justice.

The appellee herein on March 2, 1933, filed this suit in the district court of Rusk county seeking a temporary restraining order against the appellants from drilling an oil well on any part of appellee's premises, consisting of 41.7 acres of land, a part of the M. J. Prue survey in Rusk county, Tex.

The appellants answered, stating in effect that the land on which they were endeavoring to drill an oil well was no part of the land claimed by appellee, but lay to the east of same, and was a part of the Ximines survey and not a part of the Prue survey.

From this beginning a lawsuit developed affecting the east boundary line of appellee's tract of land, and the trial court submitted the single issue to the jury as to the true location of the east boundary line of appellee's tract of land. The jury answered this issue in favor of appellee, and the court entered judgment thereon for appellee, from which the appellants prosecute this appeal.

On May 13, 1933, the jury returned its verdict and on May 18, 1933, the trial court entered judgment 'for the appellee. On June 29, 1933, the appellee, by and with the consent of the trial court, filed its trial amendment, and on the same date the trial court entered an amended judgment conforming to the trial amendment filed by the appellee.

The appellants bring forward several assignments of error, among which is one complaining of the action of the trial court in permitting appellee over their objection to file its trial amendment after the judgment had been entered in the cause. The trial amendment filed by the appellee changed the field notes or description of the land in controversy. The description in its amended petition upon which it went to trial was: "Lying and being situated in Rusk County, Texas, a part of the M. J. Prue Survey and beginning 395 vrs. West and 596 vrs. South from the Northeast corner of the M. J. Prue Survey; Thence South 596 vrs. to corner; Thence East 395 vrs. to dividing line of Prue and Ximines. Surveys; Thence North with said division line 596 vrs. to north boundary line of Block No. 2 for corner; Thence West 395 vrs. to beginning, containing 41.7 acres of land, and being the same land

as described in Volume Y, page 510, of the Deed Records of Rusk County, Texas."

The description of land as set out in the trial amendment was:

"Being a part of the M. J. Prue Survey in Rusk County, Texas, and beginning on the East line of the W. P. Brett land and beginning at the South West corner of the 41.7 acre tract of land originally deeded to A. P. Finney by Susan W. Thorne as shown by the deed records of Rusk County, Texas, from which point a 30" post oak vrs. North 28½ deg. East 8-3/10 feet;

"Thence East 395 vrs. to the East edge of the old land or road along the East side of the Giles 41.7 acres;

"Thence South 12 min. West 596 vrs. to an iron pin and being 23 vrs. West of the center of the said old road along the East side of the said Giles land;

"Thence West 395 vrs.;

"Thence North 596 vrs. to the place of beginning, and containing 41.7 acres of land."

The appellants, among other objections urged against the filing of the trial amendment by appellee, stated: "Because the judgment as rendered is not based upon and does not conform to plaintiff's pleadings." Thus the question brought squarely before us is, Did the trial court abuse its discretion in permitting appellee to file its trial amendment at a time after the judgment in the cause had been rendered and pending appellants' motion for new trial? We realize that the provisions of our statute requiring all amendments to pleadings to be filed before parties announce ready for trial, and not thereafter, has been held discretionary with the trial judge. Gulf, C. & S. F. R. Co. v. Butler (Tex. Civ. App.) 34 S. W. 756; Texas & N. O. R. Co. v. Goldberg, 68 Tex. 685, 5 S. W. 824; Harris v. Spence, 70 Tex. 616, 8 S. W. 313; Western U. Telegraph Co. v. Bowen, 84 Tex. 476, 19 S. W. 554. Based upon this construction of the statute, a wide latitude has been allowed parties in the filing of amendments to pleadings during the trial of a case. Even after a verdict has been rendered by a jury, trial amendments have been allowed to correct some inadvertence in the pleading of the prevailing party, but we have found no case permitting the filing of a trial amendment after judgment unless permission to file the same was granted during the trial of the case. In the case of Hall v. Wilbarger County (Tex. Civ.

App.) 37 S.W.(2d) 1041, 1046, it is held: "Litigants have no right to amend or supplement their pleadings after the trial of the case. A proper pleading is a jurisdictional step to be taken before the court can hear and determine the controversy. The pleading of appellees upon which the case was tried should have described appellant's land."

This case was affirmed later by the Commission of Appeals in 55 S.W.(2d) 797. C. J. vol. 49, § 623, p. 483, states: "In the absence of statutory authority, express or implied, amendments of the pleadings cannot be made after judgment has been vacated."

In Tex. Jur., vol. 43, p. 506, last part of section 78, is this statement: "But after judgment has been entered it is too late to amend, whether by way of trial amendment or by an amendment complete in itself."

In the case of Southern Mut. Insurance Co. v. Turnley, 100 Ga. 296, 27 S. E. 975, 977, the Supreme Court of Georgia says: "After verdict and judgment, and pending the motion for a new trial, the court, over objection by the defendant, permitted the plaintiffs to amend their declaration by alleging that the defendant had waived certain stipulations of the policy. There must be some limit as to the time of amendment; and, although our law is quite liberal on this subject, the Code providing that amendments may be made 'at any stage of the cause' (Civ. Code, § 5997), we do not think this means that they may be made after the case has been tried, and the judgment rendered therein, which has not been set aside or vacated."

To the same effect is the case of Holton v. Holton, 64 Or. 290, 129 P. 532, 48 L. R. A. (N. S.) 779, by the Supreme Court of Oregon. Based upon the above authorities, it seems to us that the amendment in this case came too late. Manifestly, the trial court found itself in the position where it could not render judgment based upon the original pleadings. The appellee, realizing this, sought and received permission to file its trial amendment changing its field notes so as to correspond to the jury's verdict. This was done in the face of an objection on the part of the appellants. As said by the Supreme Court of Georgia, there should be a time in the trial of the cause when amendments to the pleadings should end, and it seems to us that that time is after judgment has been

rendered in the cause. We are of the opinion that the trial court abused its discretion in permitting the appellee to file a trial amendment changing the description of the land in controversy after it had rendered judgment in the cause, and that said act on the part of the trial judge requires reversal of this cause.

Because of our holding set out above, we deem it unnecessary to discuss the other assignments raised in this case.

The judgment of the lower court is reversed, and the cause remanded.