**Juanita CUELLAR, et al., Appellants,**

v.

**Anita GARCIA, Appellee.**

No. 13359.

Court of Civil Appeals of Texas, Austin.

June 22, 1981.

Rehearing Denied Oct. 7, 1981.

Charles Blackley, Chunn & Chunn, New Braunfels, for appellants.

Robert A. MacInnes, J. Stockton Williams, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellee.

PHILLIPS, Chief Justice.

This is a wrongful death and survival action for damages brought by appellants for the death of Olga Cuellar. Following a jury trial, a take-nothing judgment was rendered against appellants based upon the jury's answers to special issues. Appellants have perfected their appeal to this Court.

We reverse the judgment of the trial court and remand the cause for a new trial.

Olga Cuellar, the deceased, was sitting on the front porch of her residence on May 1, 1979, at approximately 8:15 P.M. The residence is located approximately forty feet off the roadway at the end of a cul-de-sac.

At the time stated above, appellee Anita Garcia entered a 1978 Oldsmobile, started the motor and drove the car down the street at a high rate of speed. The car left the street, struck Olga Cuellar, who was sitting on the front porch of the house, and came to a stop partially within the house. The time between the starting of the car and the impact was described somewhere between 1½ to 10 seconds. Olga Cuellar died as a result of her injuries.

Appellants alleged certain acts of negligence on the part of appellee Anita Garcia which proximately caused the injuries and death described above. Appellants also pleaded *res ipsa loquitur.*

At the conclusion of the evidence, the trial court submitted one special issue which inquired as to whether appellee was driving at an excessive and unsafe rate of speed; failed to turn or swerve to the right to avoid a collision; failed to turn or swerve to the left to avoid a collision; failed to maintain a proper lookout; failed to properly apply brakes; failed to put her car in neutral or failed to sound the horn. To these questions the jury answered "We do not."

However, the court refused to submit an explanatory instruction embodying the concept of *res ipsa loquitur.*

Appellee's principal defensive evidence was that the automobile had physical problems in that a loose hose with a bolt inserted in the end of it apparently got wedged into the cruise control diaphragm, and thus hung the rod holding the throttle valve open.

Pursuant to this evidence, the court submitted to the jury definitions of sudden emergency and unavoidable accident.

It is appellants' contention, and their first point of error, that under the pleadings and circumstances of this case, they were entitled to have the concept of *res ipsa loquitur* fairly presented to the jury by an explanatory instruction. We think not.

■ *Res ipsa loquitur* "is applicable when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant." *Mobil Chemical Company v. Bell,,* 517 S.W.2d 245, 251 (Tex.1974).

■ *Res ipsa loquitur* has no application where "the evidence, whether introduced by the plaintiff or the defendant, conclusively establishes the facts surrounding the accident, then there is no room for inferences, and the *res ipsa* doctrine is not applicable." *Mobil Chemical Co. v. Bell, supra,* at 254–55.

There are several facts that are undisputed in this case. It had been raining that day and the streets were wet. Appellee had stopped her car at a friend's house which was four (4) houses from appellants' house. The road sloped downhill towards appellants' house which was at the end of a cul-de-sac. When appellee left the road and hit appellants' house, she was traveling at a high rate of speed. One person estimated the speed at 70 miles per hour. Another person said the car was "flying."

There is evidence as to the following testimony. Mrs. Skinner, who had mechanical training and experience and who had raced

cars stated that when she heard appellee's engine roar, she immediately thought the throttle was stuck. A friend of appellee testified that appellee's car zoomed off. Appellee also testified that the car took off.

A mechanic testified that a loose hose *could* have caused the stuck accelerator but he did not know whether it did or not. He did state, however, that a racing engine would reduce significantly the power assist to the brakes, especially if the brakes were pumped.

There was no testimony indicating that the accelerator was not stuck. The testimony on the skid marks was inconclusive at best since the road was wet and the fact that the traffic over the road could have erased some of the skid marks before the police attempted to examine them. There was no evidence that appellee was upset or distraught before the accident. Her two children were in the car with her. There was evidence that the accelerator worked properly before and after the accident.

■ It is the duty of the trial court to determine if the facts of the case are such that it would be reasonable to infer, from the circumstances of the accident, that appellee was negligent. *Mobil Chemical Co. v. Bell, supra.* We agree with the trial court's decision that it would not be reasonable to infer from the circumstances of the accident that appellee was negligent. From the point appellee started to the point where she crashed was relatively short. The time period of the accident from start to finish was short. The car accelerated quickly and reached a high rate of speed. Under these circumstances we do not believe that negligence may be inferred under the *res ipsa loquitur* doctrine.

This is not to say that appellee was not negligent. Appellee could still have been found negligent for a specified act or omission. We are only holding that this accident, under these circumstances, is not the type of accident which would not ordinarily occur in the absence of negligence. In other words, it is not more probable than not that a driver was negligent when a car races off on a short dead-end street and crashes.

■ We do, however, sustain appellants' second point of error to the effect that the trial court erred in denying appellants' leave to amend their petition with respect to the specific act of negligence of "failure to turn off motor."

A defense witness testified to the effect that appellee's failure to turn off the ignition of the car would have caused the accident as the car could have probably been brought to a stop if this had been done. Appellants then requested the trial amendment in order to have their proof comport with their pleadings. Tex.R.Civ.P. 277, 279. See also Rule 67. The court denied the amendment. We hold this to be error. Tex.R.Civ.P. 66, 67.

Appellee maintains that this ruling was not error inasmuch the trial amendment, if allowed, would have changed the factual basis of the suit citing *Westinghouse Electric Corp. v. Pierce,* 153 Tex. 527, 271 S.W.2d 422 (1954). We cannot agree with this contention. The *Westinghouse* case is very different from this case. In that case, the plaintiff testified at two depositions and at the trial that he had sat four to five feet from a sun lamp for five minutes. His pleadings alleged that he sat this distance from the lamp. After the presentation of what must have been very convincing evidence by the defense, the plaintiff attempted to testify that he sat only two feet from the lamp. The defense objected—complaining that this was not alleged in the pleadings. The plaintiff asked for a trial amendment but his request was refused by the trial court. In holding that the trial court did not abuse its discretion, the Supreme Court stated that plaintiff had attempted to change the factual basis of his suit.

■ Here the appellants were not attempting to change any facts of the case, but were only trying to amend their pleadings to conform to the evidence that had been introduced during trial. The amendment, if allowed, would have been nothing more than alleging an additional facet of negligence raised by the proof. Trial

amendments are to be liberally construed and the trial court abused its discretion in refusing to allow this one. *Damstra v. Starr*, 585 S.W.2d 817 (Tex.Civ.App.1979, no writ); *Aubin v. Hunsucker*, 481 S.W.2d 952 (Tex.Civ.App.1972, writ ref'd n.r.e.).

The judgment of the trial court is reversed and the cause remanded for a new trial.