**TEXAS GENERAL INDEMNITY COMPANY, Appellant,**

v.

**Glen A. ELLIS, Appellee.**

**No. 12–92–00368–CV.**

Court of Appeals of Texas, Tyler.

May 31, 1994.

Rehearing Overruled Dec. 29, 1994.

Michael E. Jones, Tyler, for appellant.

David Griffith, Gilmer, for appellee.

BILL BASS, Justice.

This is a worker's compensation case. We will reverse and remand the cause to the trial court.

Ellis injured his back on July 19, 1989 while working for Amoco Pipeline company. Despite his injury, he continued to work and did not report his injury to Amoco until late October or early November. Ellis was injured again on February 21, 1990. The first day of work that Ellis missed following either of his injuries was February 26, 1990. He did not return to work thereafter. It is the first injury that is the subject of this suit.

In its first point of error, Appellant Texas General Indemnity, (the carrier) contends that the trial court erred in submitting the question of "good cause" to the jury, as Ellis did not plead good cause.

Although Ellis did not plead "good cause," evidence bearing on the issue was introduced in evidence without objection. However, at the charge conference, the carrier objected to the submission of the question because there was no pleading to support the submission of the issue. Ellis requested leave of court to file a trial amendment pleading the existence of good cause, which the court granted. However, Ellis did not tender a trial amendment before the charge was given to the jury. Three and one-half months after the entry of judgment, and after the trial court had lost plenary power over the case, Ellis filed and the trial court granted Ellis' written "Motion for Leave of Court to Amend Pleadings in Writing Following Verdict." Although the trial court granted the motion, no written amendment was ever offered.

■ Rule 278 provides in part that "[t]he court shall submit the questions, instructions and definitions in the form provided by Rule 277 which are raised by written pleadings and the evidence." TEX.R.CIV.P. 278. When the issue is not raised by written pleadings, but tried by express or implied consent of the parties, written pleadings must be filed before the time of submission of the jury charge. TEX.R.CIV.P. 67. *Matthews v. General Accident Fire & Life Assurance Corp.*, 343 S.W.2d 251 (Tex.1961); *Haney v. Purcell Co. Inc.*, 796 S.W.2d 782 (Tex.App.—Houston [1st Dist.] 1990, writ denied). Although the trial court granted Ellis' oral motion for leave to file a trial amendment, none was filed prior to submission of the charge. Therefore, the trial court erred in submitting the issue of "good cause" to the jury in the absence of pleadings to support it. Point of error one is sustained.

The carrier maintains in its second point that "[t]he trial court erred in awarding judgment for the plaintiff" because there were no pleadings on the issue of "good cause," and therefore, the pleadings on file at the rendition of judgment did not support the judgment.

The trial court overruled the carrier's motion for new trial on October 6, 1992. The trial court retained plenary power over the case through November 5, 1992. Ellis' written motion for leave to amend was not filed until five days after the court had lost its plenary power in the matter. The trial court's order granting leave was not signed until November 26, 1992. Although the trial court attempted to grant Ellis' motion, no amended pleading appears in the record.

■ The judgment of the court shall conform to the pleadings. TEX.R.CIV.P. 301. The TEXAS RULES OF CIVIL PROCEDURE provide that trial amendments are to be granted "freely," and this provision has been liberally construed by our appellate courts. TEX. R.CIV.P. 66; *Cuellar v. Garcia*, 621 S.W.2d 646 (Tex.Civ.App.—Austin 1981, writ ref'd n.r.e.). The carrier concedes that Texas cases hold that a post verdict, pre-judgment trial amendment should be allowed in order that the pleadings conform to the verdict.

Ellis argues that he was orally granted leave to file a trial amendment at the charge conference and that the trial court's granting of his written motion, even after the expiration of the court's plenary power, relates back to the pleading it corrects. He characterizes the act of reducing the trial amendment to writing as a mere housekeeping matter, and argues that the carrier has not shown surprise or prejudice as a result of his failure to file a written trial amendment prior to judgment.

■ Although Ellis orally asked for leave to file a trial amendment during the charge conference and later filed a written motion to the same effect after the court had lost its plenary power, no trial amendment appears in the record. Although Texas practice encourages the liberal granting of trial amendments, we have found no cases in which the issue was raised that have ignored the requirement that the pleadings conform to the verdict. But even if Ellis' post-judgment motion could also be considered as a tender of a trial amendment, Ellis has cited no cases, and we have discovered none, that allowed a post-judgment trial amendment after the trial court has lost its plenary power.

The Texas courts that have been confronted with the question have refused to allow post-judgment trial amendments. *See Boarder to Boarder Trucking v. Mondi*, 831

S.W.2d 495 (Tex.App.—Corpus Christi 1992, no writ); *Morris v. Hargrove,* 351 S.W.2d 666 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e.); *Warren v. Ward Oil Corp.,* 87 S.W.2d 501 (Tex.Civ.App.—Texarkana 1935, writ dism'd).

In *Boarder to Boarder,* the defendant appealed the trial court's granting of a trial amendment after judgment. Plaintiff's petition prayed for $74,008.55 in damages. The jury awarded $85,000.00. Thirty-nine days after the trial court had signed the judgment in accordance with the jury's verdict, the plaintiff moved for leave to file a trial amendment increasing its damage claim to $85,000.00 in conformity with the jury's verdict and the court's judgment. As in our case, the plaintiff contended that the TEXAS RULES OF PROCEDURE required the trial court to freely allow trial amendments. The plaintiff argued that absent a showing of surprise or prejudice by the defendant, it was entitled to a post-judgment trial amendment. The Corpus Christi Court of Appeals rejected that argument, stating the following:

> We recognize that the trend is to give the trial court wide latitude in allowing amendments, even after a jury renders its verdict. However, after judgment is rendered, it is too late to amend, whether by trial amendment or an amendment complete in itself. (Citations omitted.) While we recognize that courts are very liberal in permitting amendments to pleadings, we fail to find where they have gone to the extent that was attempted in this case. *There should be a time in the trial of the cause when amendments to the pleadings should end, and it seems to us that time is after judgment has been rendered in a cause.* (Citation omitted.) We conclude that the trial court abused its discretion when it permitted Mondi to amend its pleadings after rendition of the judgment.

*Boarder to Boarder,* 831 S.W.2d at 498–99 (emphasis added). We also conclude that the trial court in this case erred in entering judgment in the absence of pleadings supporting the verdict and judgment. The carrier's second point is *sustained. See Warren v. Ward Oil Co. supra.*

Having sustained Appellant's points of error one and two, we reverse the judgment of the trial court remand the cause to the trial court.

HOLCOMB, Justice, dissenting.

I respectfully dissent. It is with lamentable frequency that we are asked to correct the shortcomings of our fellow attorneys. This is such a case.

Appellee brought suit and was successful before a jury. Appellant allowed Appellee to introduce evidence of "good cause" even though it was not pled. Appellant objected to the charge containing an instruction on "good cause" when it was not in the pleadings. The trial court correctly allowed Appellee to amend the pleadings to conform to the evidence. However, at this point, the orderly observance of the rules broke down and nobody bothered to insure that the amended pleadings were filed, in writing, before the charge was submitted to the jury, or even before the judgment was entered.

Appellant asked for *judgment n.o.v.* and for a new trial. In both motions, Appellant argued that the evidence was insufficient to support the jury's answer to the issue of "good cause." However, Appellant argued based on the question in the charge to the jury, not that the question should not have been in the charge. For the first time, on appeal, Appellant argues that the charge to the jury was deficient because it did not conform to the pleadings. I am left with the impression that had Appellee not submitted his very late-filed amendment, we would not have been asked to review this case for error in the failure of the charge to conform to the pleadings.

While there are many rules that require very strict observance, such as Rules 166a and 166b, I believe this case calls for a liberal interpretation of the rules. *See* TEX.R.CIV.P. 1. We must decide if the observance of Rules 66 and 276–79 is more critical than the observance of Appellate Rule 52. I believe the purpose of the rules is to fairly try a case with all parties on notice of the issues to be resolved. There is also a need to put an end to the litigation. The rules at issue here are all pointed at reaching an end of the case; an

end which will be clearly defined so that all parties will have fair notice of the bounds of the decision. In this case, I find that everyone knew what the issues were after the trial court permitted Appellee to amend the petition. Also, during the plenary power of the court there was ample opportunity and procedural devices for both parties to correct the formal error that existed in the pleadings. I am also aware of the danger of creating a new "trap" for a practitioner who after making a proper objection finds that he must renew the same objection or waive error on appeal under Appellate Rule 52.

I am reinforced in my belief by dicta in one of the cases relied upon by Appellant: "we have found no case permitting the filing of a trial amendment after judgment *unless permission to file the same was granted during the trial of the case.*" *Warren,* 87 S.W.2d at 502 (emphasis added). Permission was granted and an amendment would have been proper if made during the plenary power of the court. While I agree with Appellant that the court had no power to accept the amendment after losing plenary power, I do not agree that the failure to amend was harmful to Appellant.

I would rule that when a party correctly objects to a charge, and after the trial court allows the other party to make a trial amendment but none is made, in order to preserve error, the complaining party would have to renew the objection. The objection could be made before the charge is submitted to the jury, TEXAS RULE OF CIVIL PROCEDURE 66, or by "Motion for *judgment n.o.v.* pointing out the failure of the charge to conform to the pleadings." TEX.R.CIV.P. 277, 279, 301.

I believe Appellant has waived his right to complain of the failure to amend the pleadings, TEXAS RULE OF APPELLATE PROCEDURE 52, and I, therefore, respectfully dissent.