Affirmed and Memorandum Opinion filed December 11, 2003









Affirmed
and Memorandum Opinion filed December 11, 2003.

 

 

 

                                                                                                                                                            

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01001-CV

____________

 

JOHN ADI, Appellant

 

V.

 

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY, A SUBSIDIARY OF THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA, AND DAN BROWN,
Appellees

 



 

On Appeal from the 61st
District Court

Harris County, Texas

Trial Court Cause No. 00-62169

 



 

M E M O R A N D U M  
O P I N I O N

Appellant John Adi appeals from a
grant of summary judgment in favor of appellees
Prudential Property and Casualty Insurance Company, a Subsidiary of the
Prudential Insurance Company of America, and Dan Brown, dismissing his
defamation claim against appellees.  We affirm.








Adi=s lawsuit was based upon
alleged defamatory statements contained in an internal Prudential
claims note written by Brown, a Prudential employee.  Brown prepared the claims note, dated January
30, 1998, to provide notice that the particular claim involved a Apretext@ or fake policy used in a sting
operation by Texas Department of Insurance investigators to uncover suspected
insurance fraud.  In the note, Brown
stated that Adi was arrested in connection with the
sting operation on January 29, 1998, and charged with insurance fraud, a
third-degree felony.  In fact, Adi was arrested at a later date and was charged with Aengaging in organized criminal
activity,@ a second-degree felony.  Adi was later
convicted of the crime and was sentenced to seventy years= imprisonment in the Texas
Department of Criminal Justice, Institutional Division, where he is currently
incarcerated.

On December 1, 2000, Adi filed
suit against appellees alleging that the statements
in the claims note that he had been arrested on January 28, 1998, and charged
with insurance fraud, a third-degree felony, were per se libelous and
defamatory.  Appellees
moved for summary judgment on the grounds that the lawsuit was barred by the
applicable one-year statute of limitations. 
Adi then filed a response and an amended
petition alleging the discovery rule.  Appellees filed a second motion for summary judgment,
arguing that the statements were substantially true and Adi
was not injured by them.  On July 27,
2001, the trial court granted summary judgment and dismissed Adi=s claims against appellees; the order does not identify the specific grounds
on which the summary judgment ruling was based. 
On August 21, 2001, Adi filed a motion for new
trial and a motion for leave to file a third amended original petition; on
September 4, 2001, he also filed a supplemental motion for new trial.  On September 13, 2001, the trial court denied
Adi=s motions.  This appeal followed. 

On appeal, Adi raises eight issues
that may be grouped into three general categories:  (1) error in the admission of appellees= summary judgment evidence; (2)
error in the trial court=s grant of summary judgment;
and (3) error in the trial court=s denial of post-judgment
motions.  We will address each in turn.

1.       The Summary
Judgment Evidence








In his second and third issues, Adi
contends that the trial court erred in overruling his objections to appellees= summary judgment evidence, and
that the summary judgment evidence was insufficient to support the trial court=s grant of summary
judgment.  The admission or exclusion of
evidence rests within the sound discretion of the trial court.  City of Brownsville v.
Alvarado, 897 S.W.2d 750, 753 (Tex. 1995).  To obtain reversal of a judgment based upon
error in the admission or exclusion of evidence, the appellant must show the
following:  (1) the trial court did in
fact commit error, and (2) the error was reasonably calculated to cause and
probably did cause the rendition of an improper judgment. Tex. R. App. P. 44.1; Gee v. Liberty
Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989).

Adi first complains that appellees= Exhibit A, which consists of
copies of Adi=s handwritten second amended
original petition and his answers to appellees= interrogatories, was not
authenticated.  Rule 166a(f)
provides that A[d]efects
in the form of affidavits or attachments will not be grounds for reversal
unless specifically pointed out by objection by an opposing party with
opportunity, but refusal, to amend.@  Tex.
R. Civ. P. 166a(f).  Adi admits that he
did not raise this objection in the trial court before summary judgment was
granted, but cites Kotzur v. Kelly, 791
S.W.2d 254, 257 (Tex. App.CCorpus Christi 1990, no writ),
for the proposition that the complete absence of authentication is a defect of
substance that is not waived by a party failing to object and may be argued for
the first time on appeal.  Adi directs us to no published decision of this Court
addressing the issue, but we need not decide whether we would reach the same
conclusion as the Kotzur court, because, even
if we assume Adi=s objection was properly
preserved, it would fail on the merits. 








Here, Adi does not dispute that
the exhibits are true and correct copies of these documents.  Indeed, the second amended petition appears
to be the live petition on file when the motion for summary judgment was
submitted, and Adi does not contend that there is any
variance between the petition on file and the one attached to appellees= motion.  Rule 166a provides that the summary judgment
sought Ashall be rendered forthwith if
(i) the deposition transcripts, interrogatory
answers, and other discovery responses referenced or set forth in the motion or
response, and (ii) the pleadings . . . on file at the time of the
hearing@ show that there is no genuine
issue as to any material fact and the moving party is entitled to judgment as a
matter of law.  See Tex. R. Civ. P. 166a(c).  From our review, it appears that appellees referenced the petition in their motion not as
evidence, but primarily to advise the trial court of the nature of Adi=s claims, and they made it an
exhibit merely for the trial court=s convenience.  In this circumstance, it was unnecessary to
separately authenticate the petition (or even attach it as an exhibit), because
it was already on file with the court and had not been superceded by a later
petition when the trial court granted the summary judgment.  As for the interrogatory responses, Rule 166a(d) permits discovery products to be used as summary
judgment evidence with proper notice to the opposing party.  See Tex.
R. Civ. P. 166a(d).  Adi=s verified interrogatory
answers therefore constituted proper summary judgment evidence.  Additionally, Adi
fails to argue or demonstrate in any way that these documents probably caused
the rendition of an improper judgment. 
We therefore overrule Adi=s objections to appellees= Exhibit A.

Next, Adi objects to Exhibit B,
Brown=s affidavit, on the grounds
that it contains hearsay.  Hearsay is a
defect of form, which is waived if the party does not properly and timely bring
the objection to the attention of the trial court.  See Hou-Tex,
Inc. v. Landmark Graphics, 26 S.W.3d 103, 112 (Tex. App.CHouston [14th Dist.] 2000, no
pet.); see also Tex. R. Evid. 802
(AInadmissible hearsay admitted
without objection shall not be denied probative value merely because it is
hearsay.@).  Although Adi raised
this objection below, he failed to obtain a written ruling from the trial
court; therefore, the objection is waived. 
See McMahan v. Greenwood, 108 S.W.3d 467, 498 (Tex. App.CHouston [14th Dist.] 2003, n.p.h.); Rogers v. Continental Airlines, Inc., 41
S.W.3d 196, 200 (Tex. App.CHouston [14th Dist.] 2001, no
pet.); Hou-Tex, Inc., 26 S.W.3d at
112.  








Adi contends the trial court
overruled his objections when it signed the order granting summary
judgment.  However, we cannot infer from
the mere fact that the trial court granted appellees= summary judgment motion that
it implicitly ruled on Adi=s objections, and the trial
court=s order does not reflect that
it considered Adi=s objections.  See Rogers, 41 S.W.3d at 200; see
also Dolcefino v. Randolph, 19 S.W.3d 906, 927
(Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  Therefore, Brown=s affidavit remains a part of
the record.  See Rogers, 41 S.W.3d at 200.  We
also note that Adi concedes that the affidavit is
admissible as a business records affidavit for the purpose of authenticating
the claims note, and, significantly, he does not complain about any part of the
contents of the claims note.  Properly
authenticated business records are exceptions to the hearsay rule.  See Tex.
R. Evid. 803(6); 902(10).  Therefore, we overrule Adi=s objection to Exhibit B.

Next, Adi raises numerous
complaints about the remaining two exhibits to appellees= motion, Exhibits C and D.  Exhibit C is a copy of the judgment of the
jury verdict finding Adi guilty of engaging in
organized criminal activity and sentencing him to seventy years= confinement, and Exhibit D is
a copy of a capias and indictment relating to Adi=s arrest for the charged
offense and identifying Adi=s prior conviction for the
felony offenses of AFalse Statement in Acquisition
of Firearms, Dealing in Firearms without a License, and False Statement to a
Grand Jury.@  Adi complains the
exhibits are uncertified, not authenticated, and improperly authenticated, and
are not relevant to his claims. 

We first address Adi=s objections that the exhibits
are uncertified, not authenticated, and improperly authenticated, and as such,
are hearsay and incompetent summary judgment evidence.  Adi concedes that
certification was Aattempted,@ but he complains that the
certifications were improper because the date of the certification appears to
be AJune 4, 1996,@ and the documents were not
created until several years later.  Because a certification is on the documents (although with a wrong
date), we will address only his complaint that the documents were improperly
certified.

Like hearsay, improper certification or authentication is a
defect of form, and is waived by Adi=s failure to secure rulings on
these objections.  See Rogers, 41
S.W.3d at 200; Hicks v. Humble Oil & Ref. Co., 970 S.W.2d 90, 93
(Tex. App.CHouston [14th Dist.] 1998, pet.
denied).  Moreover, Adi=s objections were untimely,
because he did not raise them until after the trial court rendered summary
judgment.  See Life Ins. Co. of
Virginia v. Gar-Dal, Inc., 570 S.W.2d 378, 381
(Tex. 1978) (holding that defects of form are waived if not pointed out to
trial court before summary judgment is rendered); Williamson v. New Times,
Inc., 980 S.W.2d 706, 712 (Tex. App.CFort Worth 1998, no pet.) (holding that, in
an appeal from a summary judgment, an objection raised for the first time in a
motion for new trial was untimely and insufficient to preserve error). 








Lastly, we address Adi=s objections to Exhibits C and
D on the grounds of relevance.  Although Adi did not obtain a ruling on his relevance objections,
lack of relevance is a defect of substance that is not waived by the failure to
obtain a ruling from the trial court.  See
McMahan, 108 S.W.3d at 498.  Adi claims that the
documents are not relevant to any issue in the case because the documents were
created some time after January 30, 1998, the date the allegedly defamatory
statements were published.  We disagree.  As discussed below, the facts contained in
Exhibits C and D are relevant to the issues Adi
raised in his lawsuit, as well as appellees= defense of substantial
truth.  The fact that they were created
several months after the allegedly defamatory publication does not, in this
circumstance, render them irrelevant.  We
therefore overrule Adi=s objections on the grounds of
relevance.

Accordingly, we overrule Adi=s second and third issues.

2.       The
Substantive Claims

In issues one, four, five, and six, Adi
contends the trial court erred in granting summary judgment.  A movant for
summary judgment has the burden to show that there are no genuine issues of material
fact and that it is entitled to judgment as a matter of law.  See Tex.
R. Civ. P. 166a(c).  To be entitled to summary judgment, a
defendant must either (1) conclusively negate at least one essential element of
each of the plaintiff=s causes of action, or (2)
conclusively establish each element of an affirmative defense to each
claim.  Am. Tobacco
Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  In reviewing a summary judgment, evidence
favorable to the nonmovant is taken as true, and all reasonable inferences are indulged in the nonmovant=s favor.  Nixon v. Mr. Property
Mgmt. Co., 690 S.W.2d 546, 548B49
(Tex. 1985).  Because the trial court=s order does not specify the
grounds upon which summary judgment was granted, we may affirm the judgment on
any theory advanced in the motions that is meritorious.  Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989).

Appellees raised defenses of statute of
limitations, substantial truth, and lack of injury in their motions for summary
judgment.  Because we find that appellees have demonstrated the substantial truth of the
statements as a matter of law, we need not discuss the other bases for summary
judgment. 








To maintain a defamation cause of action, the plaintiff must
prove that the defendant (1) published a false statement about the plaintiff
(2) that was defamatory (3) while acting with either actual malice, if the
plaintiff was a public official or public figure, or negligence, if the
plaintiff was a private individual, regarding the truth of the statement.  See WFAA‑TV, Inc.
v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998).  Truth, which is an affirmative defense, is a
complete defense to defamation.  Randall=s
Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 646
(Tex. 1995).  Because truth is an
affirmative defense, the defendant bears the burden of establishing that the
alleged defamatory statements were true. 
Knox v. Taylor, 992 S.W.2d 40, 54 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  The statements need not be
literally true; rather, the Asubstantial truth@ is sufficient.  See McIlvain v.
Jacobs, 794 S.W.2d 14, 15 (Tex. 1990); Stephens v. Delhi Gas Pipeline
Corp., 924 S.W.2d 765, 769 (Tex. App.CTexarkana 1996, writ denied); Gulf
Constr. Co. v. Mott, 442 S.W.2d 778, 784 (Tex. Civ. App.CHouston [14th Dist.] 1969, no
writ).  To decide whether a publication
is substantially true, we consider whether the publication was more damaging to
the plaintiff=s reputation, in the mind of
the average reader, than a truthful statement would have been.  See McIlvain at
16.

Here, Adi complains he was defamed
by the statements in the claims note that (1) on January 29, 1998, he was
arrested and charged with (2) insurance fraud, a third degree felony.  Appellees= summary judgment evidence
demonstrated that, in fact, Adi was arrested in early
March of 1998 for engaging in organized criminal activity in connection with
the insurance fraud sting operation, and that he was eventually convicted of
the offenseCa second-degree felonyCand sentenced to seventy years= imprisonment.  The indictment showed that on January 13,
1998, Adi was charged with engaging in organized
criminal activity; it detailed his unlawful exercise of control over checks
issued by the Republic Western Insurance Company, and named the related case of
another participant in the scheme that was also identified in the claims
note.  The capias
showed that Adi was arrested on March 9, 1998, for
the charged offense, and the judgment provided the details of his conviction
and sentencing.  








The claims note misstated the date of Adi=s arrest and the exact offense
charged, but these errors do not change the fact that Adi
was arrested and, in fact, convicted of a more serious felony than described in
the claims note.  See Adi v. Houston Chronicle Publ=g. Co., No. 14-01-00213-CV, 2003 WL
61121 at *2 (Tex. App.CHouston [14th Dist.] Jan. 9, 2003, no pet.) (holding, in
case arising out of same facts, defamation claim against newspaper for
misstating exact date of arrest and amount of false claims filed was defeated
as a matter of law by substantial truth of arrest and conviction for filing
false insurance claims).  If anything,
the arrest and conviction for the second-degree felony, rather than the
third-degree felony, is moreCnot lessCdamaging than the statements
made.

Consequently, the statements could not have been more
damaging to Adi=s reputation, in the mind of
the average reader, than Adi=s arrest and conviction for
engaging in organized criminal activity, especially since the criminal activityCan insurance fraud schemeCwas significant enough to be
the target of a sting operation.  Adi contends that the statements were not literally true,
and that he has raised a fact issue precluding summary judgment because he
averred in an affidavit in response to appellees= motion that he was not
arrested on January 29, 1998, and charged with the specific crime of insurance
fraud, a second degree felony, as stated in the claims note.  However, as Adi
acknowledges in his brief, the test is not literal truth, but substantial
truth.  See Stephens, 924 S.W.2d at 769; Mott, 442 S.W.2d at 784.  Therefore, we hold that Adi=s claims are barred, as a
matter of law, by the substantial truth of the statements.  

3.       The
Post-Judgment Motions

Finally, we address Adi=s seventh and eighth issues, in which he complains that the trial court
erred in refusing to grant his post-judgment motions.








We first address Adi=s complaint that the trial
court erred in denying him leave to file a third amended petition.  Adi filed this
motion after the trial court granted appellees= summary judgment motion and
dismissed Adi=s claims.  Once judgment was rendered, however, it was
too late to request amendment.  A trial
court cannot grant a motion to amend the pleadings once the trial court renders
judgment.  See Mitchell v. LaFlamme, 60 S.W.3d 123, 132 (Tex. App.CHouston [14th Dist.] 2000, no
pet.); Automaker, Inc. v. C.C.R.T. Co., 976 S.W.2d 744, 746 (Tex. App.CHouston [1st Dist.] 1998, no
pet.); Texas Gen. Indem. Co. v. Ellis, 888 S.W.2d
830, 831B32 (Tex. App.CTyler 1994, no writ).  We therefore overrule Adi=s seventh issue.

We next address Adi=s complaint that the trial
court erred in refusing to grant his motion for new trial and supplemental
motion for new trial.  The trial court=s denial of a motion for new
trial will not be disturbed on appeal absent an abuse of discretion.  Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984).  

Here, Adi=s primary contention is that his
motions advised the trial court that appellees= summary judgment evidence was not
properly authenticated and thus inadmissible and incompetent to support summary
judgment.  However, we
have addressed his objections to the admissibility of the evidence and found
that they were either waived or without merit.  Adi=s remaining arguments on appeal merely
restate the arguments raised elsewhere in his brief,
which we have already addressed.  Because
we have found that the trial court did not err in granting appellees
summary judgment on Adi=s claims, we overrule his eighth
issue.          The judgment of the trial
court is affirmed.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Memorandum Opinion filed December 11, 2003.

Panel
consists of Justices Yates, Hudson, and Fowler.