NUMBER
13-05-367-CV

                                 COURT
OF APPEALS

                     THIRTEENTH
DISTRICT OF TEXAS

                         CORPUS CHRISTI B EDINBURG

 

         IN
THE INTEREST OF L.A., A MINOR CHILD

 

                       On appeal from the County
Court at Law No. 5

                                        of
Nueces County, Texas.

 

 

                                         MEMORANDUM
OPINION

 

     Before Chief Justice
Valdez and Justices Rodriguez and Castillo

Memorandum Opinion by Chief Justice
Valdez

 

Appellant, K. A.,
appeals from the judgment of the trial court terminating her parental
rights.  We reverse.  

Background








K. A.=s child, L.A., was born in 2001.  In 2004, the Texas Department of Protective
and Regulatory Services (TDPRS) filed an Aoriginal petition for protection of a child, for
conservatorship, and for termination in suit affecting the parent-child
relationship.@  TDPRS
requested (1) emergency orders allowing for immediate removal of the child, (2)
appointment of TDPRS as temporary sole managing conservator of the child, (3)
appointment of TDPRS as permanent sole managing conservator of the child, (4)
termination of the father=s parental rights, and (5) appointment of an
attorney ad litem and a guardian ad litem for the child.  At no point in the petition did TDPRS
indicate that it was also requesting termination of K. A.=s parental rights.

During opening
arguments, counsel for TDPRS asserted that the trial court should terminate K.
A.=s parental rights. 
K. A.=s counsel immediately objected, stating Ait appears that [TDPRS] is making allegations
outside the scope of the pleadings, and I would object to any witness being
called to testify regarding the termination of [K. A.=s] parental rights because there=s nothing in the pleadings that supports that . . .
.@  The court
declined to rule on counsel=s objection immediately, and ultimately ruled to
terminate K. A.=s parental rights. The order terminating her rights
and the rights of L. A.=s alleged father was entered on May 10, 2005.  The order also appointed TDPRS permanent
managing conservator of  L. A. and
directed that she be placed with relatives. 


K. A. filed a
motion for new trial following entry of the order of termination.  At the June 21, 2005, hearing on the motion,
TDPRS conceded that its petition had not included a request to terminate K. A.=s parental rights, but it requested that the trial
court allow a post-trial amendment of the pleadings to include this request.  The trial court granted this motion and ruled
that the pleadings could be amended to reflect a request to terminate K.A.=s parental rights. 
This appeal ensued.

Amendment of
Pleadings

By her first
issue, K. A. argues that the trial court erred in allowing TDPRS to amend its
pleadings after trial.  Specifically, she
argues that because the petition did not seek termination of her parental
rights, the court erred by allowing the petition to be amended to include this
request for termination after entering judgment to that effect.

A judgment must
be supported by the pleadings and, if not so supported, it is erroneous.  See Cunningham v. Parkdale Bank, 660
S.W.2d 810, 813 (Tex. 1983).  With regard
to termination of parental rights in particular, the parent is entitled to
pleadings that allege the grounds for termination before the judgment can be
permitted to stand, given the gravity of the potential outcome.  See In re T.R.R., 986 S.W.2d 31, 37
(Tex. App.BCorpus Christi 1998, no pet.); see also Holick v.
Smith, 685 S.W.2d 18, 20 (Tex. 1985) (proceedings must be strictly
scrutinized and strictly construed in favor of the parent in termination
proceedings).  The termination of
parental rights is a serious and grave proceeding, and parents are clearly
entitled to advance notice of this type of proceeding against them. See Tex.
Fam. Code Ann. ' 161.101 (establishing required allegations in a
petition for termination); Stanley v. Illinois, 405 U.S. 645, 651 (1972)
(characterizing parental rights as "essential," a "basic civil
right," and "far more precious . . . than property rights"); Holick,
685 S.W.2d at 20‑21.








The rules of
civil procedure allow for a Atrial amendment@ of pleadings if it becomes clear that the evidence
and pleadings do not conform.  See
Tex. R. Civ. P. 66.  However, this amendment has to occur Aat the trial@ or Aduring the trial.@  See id.  It has long been the rule in this Court that Aafter judgment is rendered, it is too late to amend
[the pleadings], whether by a trial amendment or an amendment complete in
itself.@  Boarder
to Boarder Trucking, Inc. v. Mondi, Inc., 831 S.W.2d 495, 498 (Tex. App.BCorpus Christi 1992, no writ) (citing Warren v.
Ward Oil Corp., 87 S.W.2d 501, 502‑03 (Tex. Civ. App.BTexarkana 1935, writ dism'd)); see also Mayhew v.
Dealey, 143 S.W.3d 356, 371 (Tex. App.BDallas 2004, pet. denied).   

In this case it
is uncontested by the parties that the pleadings did not request termination of
K. A.=s parental rights and that the court=s judgment erroneously terminating those rights was
signed and entered May 10, 2005.  TDPRS=s motion to amend the pleadings was not filed until
June 6, 2005, and the court=s order to amend the pleadings was not entered until
June 21, 2005.  Prior cases have allowed
amendment of pleadings on the same day judgment is rendered; however, the law
does not allow for pleadings to be so dramatically amended over a month after
entry of the judgment so as to include a previously unpled request for
termination of parental rights.   See
In re T.R.R., 986 S.W.2d at 37 (reversing order of termination, in part A[b]ecause the petition failed to state any statutory
ground for the termination@).

TDPRS argues in
response that K. A. waived this issue for purposes of appeal by failing to
adequately object to the introduction of evidence about K. A.=s parenting at trial.  In its appellate brief, TDPRS essentially
argues that K. A. allowed  Atrial by consent@ on
the question of termination.








We disagree.  K. A.=s counsel immediately objected to the discussion of
the termination of K. A.=s parental rights, and the court responded by noting
the objection but declining to rule until the end of trial, at which point the
objection was implicitly overruled.  See
Tex. R. App. P. 33.1.  This demonstrates that there was no Aconsent@ by K. A. to the trial of issues regarding
termination.  See Tex. R. Civ. P. 67; In re Walters,
39 S.W.3d 280, 289 (Tex. App.BTexarkana 2001, no writ) (limiting the rule of trial
by consent to Athose exceptional cases where the parties clearly
tried an unpled issue by consent.@).

K. A. did not
continually object to every witness called by TDPRS to testify about her
parenting skills, which TDPRS argues is proof of consent to the trial of the
termination issue.   However, K. A.=s objection to the discussion of termination of her
rights had already been effectively lodged and noted by the court.  The proceeding involved the trial of
possession and conservatorship issues relating to K. A.=s child, and the witnesses were called to provide evidence
relevant to those issues.  Having made
her objection to discussion of termination known immediately, K. A. did not
consent to trial of the issue of termination by allowing testimony from
witnesses regarding properly pled issues of conservatorship and
possession.  The similarity of evidence
involved in termination and other TDPRS proceedings like possession and
conservatorship does not imply that termination was tried by consent in this
case.  See Compass Bank v. MFP Fin.
Servs., 152 S.W.3d 844, 854‑55 (Tex. App.BDallas 2005, pet. filed) (AWhen evidence relevant to both a pleaded and an
unpleaded issue has been admitted without objection, the doctrine of trial by
consent should not be applied unless clearly warranted.@).

The trial court
erred by allowing the post-judgment amendment of the pleadings to include the
termination of K. A.=s parental rights.  We sustain K. A.=s
first issue on appeal.  We need not
address K.A.=s remaining issues on appeal.  See Tex.
R. App. P. 47.1.








Conclusion

We reverse the
trial court's judgment to the extent it terminates K.A.=s parental rights, and we render judgment that K.A.=s parental rights are not terminated.  The case is remanded for further proceedings
consistent with this opinion.    

 

                                                                              

                                                     


ROGELIO VALDEZ

Chief Justice

 

Memorandum Opinion
delivered and 

filed this 11th day of
May, 2006.