Yolanda **RICHARDSON**, Appellant,

v.

**JOHNSON & HIGGINS OF TEXAS, INC.** d/b/a Dynamark, Inc., Appellee.

No. 01–94–00709–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 15, 1995.

Rehearing Overruled Aug. 3, 1995.

William H. Bruckner, Sylvia Davidow, Houston, for appellant.

Bob E. Shannon, L. Chapman Smith, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HEDGES and ANDELL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is a disability discrimination suit filed under the 1989 version of the Commission on Human Rights Act.[1] Appellant Yolanda Richardson sued her former employer, appellee Johnson & Higgins of Texas, Inc. d/b/a

Dynamark, Inc., over her alleged wrongful termination for health problems. Johnson & Higgins moved for summary judgment on three grounds, and the trial court granted the motion and rendered a take-nothing judgment for Richardson. Richardson brings three points of error, one that attacks the substance of the third ground raised in the motion for summary judgment and two that attack procedural problems. We will affirm.

Richardson was employed by Johnson & Higgins from 1979 to 1988 and moved from the position of senior claims administrator to vice president. In 1988, Richardson became the chief operating officer of Dynamark, Inc., a wholly owned subsidiary of Johnson & Higgins. Richardson was diagnosed with ulcerative colitis in 1985, but missed little work between 1985 and 1990. Her condition deteriorated in the fall of 1990, however, and she underwent surgery in January 1991. After the surgery, Richardson's physicians diagnosed her as having Crohn's disease, rather than ulcerative colitis. Her medical condition and the related surgery caused Richardson to take an extended medical leave, beginning in December 1990.

In February 1991, while Richardson was on medical leave, Irwin Silverstein, Dynamark's president, informed her that she was being terminated effective March 1, 1991.[2] In July 1991, Richardson filed a complaint with the Texas Commission on Human Rights and alleged that she was discriminatorily terminated on account of her disability. The Commission issued a notice of right to file a civil action in May 1992, and Richardson filed suit in July 1992. Johnson & Higgins filed a general denial and moved for summary judgment on three grounds: (1) no one at Johnson & Higgins knew that Richardson was suffering from Crohn's disease until after her termination; (2) Richardson failed to exhaust her administrative reme-

---

1. Commission on Human Rights Act, 68th Leg., 1st C.S., ch. 7, 1983 Tex.Gen.Laws 37, *amended by* Act of May 29, 1989, 71st Leg., R.S., ch. 1186, 1989 Tex.Gen.Laws 4824, *amended by* Act of May 14, 1993, 73d Leg., R.S., ch. 276, 1993 Tex.Gen. Laws 1285, *repealed by* Labor Code, 73d Leg., R.S., ch. 269, § 5(1), 1993 Tex.Gen.Laws 987, 1273 (former Tex.Rev.Civ.Stat.Ann. art. 5221k,

currently codified as Tex.Lab.Code Ann §§ 21.001–.306 (Vernon 1995)).

2. This date was later extended to May 31, 1991. Richardson's benefits expired on December 6, 1991.

dies; and (3) Richardson's termination was due to "downsizing" of Dynamark, not her disability.

At the hearing on the motion for summary judgment, the Court allegedly stated that it was granting the motion on the third ground and denying the first two grounds.[3] The trial court, however, signed an order that granted the motion for summary judgment without specifying the particular ground on which the court based its action.[4]

■ In point of error one, Richardson claims that the trial court erred in granting summary judgment because she has raised factual issues concerning whether her termination was based on her disability. Although Richardson has addressed one of the grounds for summary judgment, she has failed to complain of the other two grounds on which the summary judgment may have been based.[5] When a summary judgment order does not state the specific grounds on which it was granted, a party appealing from the judgment rendered pursuant to that order must show that each of the independent arguments alleged in the motion is insufficient to support the order. *Gannon v. Baker*, 830 S.W.2d 706, 709 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

■ Richardson relies on the trial court's oral comments at the summary judgment hearing to show that the court granted summary judgment solely on the third ground. Even if the comments were properly before this Court as part of the appellate record, we cannot look to the trial court's oral comments to change the written order. It is the court's order that counts, not the stated reason or oral qualifications. *Jampole v. Touchy*, 673 S.W.2d 569, 574 (Tex.1984), *disapproved of on other grounds by Walker v. Packer*, 827

---

3. Richardson attached a transcription of the summary judgment hearing as an exhibit to her brief in support of her motion for new trial. The "statement of facts" contains the following exchange between the court and Richardson's counsel:

> Now, I believe, Your Honor, you have indicated that as far as the first grounds for this summary judgment failure to—the administrative remedies you were going to deny that part of the motion?
>
> THE COURT: I denied on that. . . .
>
> . . . .
>
> What I am granting the summary judgment on, is the basis which, I guess, the Burdine case [*Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)] . . . in that Ms. Richardson must establish a prima facie case of discrimination and then it's the defendants duty to offer a reasonable nondiscriminatory reason for the discharge of termination.
>
> And I found that they have met that burden and that is, that they were downsizing. And there is plenty of evidence to indicate that that was their intent in terminating not only Ms. Richardson, but two or three other employees at the time.

4. The order, which is also the final judgment, reads as follows:

> On this day came on to be considered the Motion for Summary Judgment filed by Defendant Johnson & Higgins of Texas, Inc. After considering the Defendant's motion, the response filed by Plaintiff Yolanda Richardson, the applicable law, and the arguments of counsel, the Court has determined that this motion has merit and should be granted.
>
> It is, therefore, ORDERED that Defendant Johnson & Higgins of Texas, Inc.'s Motion for Summary Judgment be, and hereby is, GRANTED. It is further
>
> ORDERED and ADJUDGED that judgment be, and hereby is, entered that Plaintiff Yolanda Richardson take nothing from Defendant Johnson & Higgins of Texas, Inc., and that this action be dismissed.
>
> SIGNED this 4th day of April, 1994.

5. In her brief, Richardson states as follows:

> The trial court stated the specific grounds upon which it both granted and denied summary judgment. The record reflects that the court denied summary judgment on Johnson & Higgins' first two grounds, which were related to Richardson's diagnoses of ulcerative colitis and Crohn's disease. The court combined its holdings, denying summary judgment because it concluded that Richardson had exhausted her administrative remedies and that no difference existed between the two diseases for purposes of summary judgment.
>
> Accordingly, this appeal is taken only from the court's holding on the third ground: that as a matter of law Richardson was terminated not due to her disability but because of Dynamark's economic problems. Cf. McCrea v. Cubilla Condominium Corp., 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.), on remand, 769 S.W.2d 261 (Tex. App.—Houston [1st Dist.] 1985 [1988], writ denied) (if a summary judgment order does not specify grounds upon which it is granted, the appellant must show each argument in the motion is insufficient to support the order).

S.W.2d 833, 842 (Tex.1992); *see Martin v. Southwestern Elec. Power Co.,* 860 S.W.2d 197, 199 (Tex.App.—Texarkana 1993, writ denied) (holding that letter from trial court stating specific ground on which summary judgment was granted was not part of trial court's order and could not be considered); *cf. Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 110 S.W.2d 561, 566 (1937) (holding that neither docket entries, affidavits, nor "other like evidence" can change or enlarge judgments or orders). We admit that this rule can be harsh, but it has the prophylactic effect of eliminating disputes over the plain meaning of a court's formal order or judgment, similar to the role of the parol evidence rule in contract cases. Point of error one is overruled.

In points of error two and three, Richardson claims that the trial court erred (1) in allowing Johnson & Higgins to file a supplemental answer in violation of the trial court's docket control order and (2) in imposing a three-day deadline for Richardson to file a substantive response to the motion for summary judgment. The trial court issued a docket control order that required the parties to file all amendments to their pleadings by December 31, 1993. Johnson & Higgins filed its first supplemental original answer, which included several affirmative defenses not previously alleged in its general denial, on February 17, 1994. On February 25, Richardson filed a motion to strike Johnson & Higgins' first supplemental original answer. On February 28, Richardson filed a response to the motion for summary judgment, objecting solely to the motion on the procedural point that Johnson & Higgins had moved for summary judgment on grounds that were not supported by its pleadings. The court at a March 7 hearing allegedly orally denied Richardson's motion to strike and at that time also allegedly gave Richardson three additional days to file a response to the motion for summary judgment that addressed the substance of Johnson & Higgins' motion.

We hold that Richardson has not preserved points of error two and three for appellate review because the appellate record does not reflect that (1) she obtained a ruling on her motion to strike and (2) presented a timely objection to the trial court's alleged action in ordering her to file a substantive response to the motion for summary judgment. Tex.R.App.P. 52(a). Points of error two and three are overruled.

We affirm the judgment of the trial court.