**Gordon R. ROGERS and Rogers Group International, A Florida Corporation, Appellants,**

v.

**CONTINENTAL AIRLINES, INC., Appellee.**

No. 14–98–00974–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 22, 2001.

Kenneth G. Lupo, Houston, for appellants.

William M. Brisco, Houston, for appellees.

\* Senior Justices Ross A. Sears and Norman Lee, and Former Justice Maurice Amidei sit-

Panel consists of Justices ROSS A. SEARS, NORMAN LEE, and MAURICE E. AMIDEI.\*

## OPINION

MAURICE E. AMIDEI, Justice (Assigned).

Gordon R. Rogers and his corporation (Rogers) appeal from a summary judgment for appellee (Continental) on various claims arising from a letter of intent agreement. In three issues, Rogers contends: (1) the trial court erred in granting summary judgment because Rogers raised genuine issues of material facts; (2) Continental's motion for summary judgment was not supported by competent summary judgment proof; and (3) the trial court erred by refusing to grant Rogers a continuance to conduct discovery. We affirm.

### Facts

Rogers and Continental entered into a letter of intent proposing a "Miles for Mortgages program" whereby Continental would sell Rogers miles from its frequent flyer program known as "One Pass." Rogers was to mark up the price and sell the miles to various mortgage lenders for the benefit of borrowers who could earn miles when they paid mortgage interest. The letter of intent provided, in pertinent part:

22. Final Agreement. This Letter of Intent is intended solely as an outline of the proposed terms and conditions upon which Rogers is willing to enter into a final Agreement with Continental implementing the Program. If the Letter of Intent is accepted by Continental, both parties will act diligently and in good faith to execute a mutually acceptable

ting by assignment.

fully-binding final Agreement. Such Agreement will contain the terms and conditions set forth in the Letter of Intent, together with such other provisions which are reasonable and customary to a transaction of this nature.

24. Term of Letter of Intent. This Letter of Intent shall, unless agreed otherwise in writing or superseded by a mutually acceptable fully-binding final Agreement, terminate 60 days after the date that this Letter of Intent is accepted by Continental.

The addendum to the letter of intent further required Rogers to furnish two letters of intent to participate in the program from two lenders within 120 days, and two signed contracts with such lenders within 180 days. If Rogers did not comply with this provision, Continental had no further obligations under the letter of intent or agreement.

Continental signed the letter of intent on August 12, 1996, and Rogers did not furnish a proposed final agreement until December 20, 1996, after the letter of intent terminated by its own terms on October 11, 1996. Continental did not grant a written extension of the 60–day termination date. Rogers did not furnish Continental two executed contracts with lenders within 120–day and 180–day deadlines.

## Procedural History

In his original petition, Rogers sued Continental for: (1) breach of contract or specific performance; (2) breach of fiduciary duty; (3) common law fraud; (4) fraudulent misrepresentations; (5) conversion and usurpation of corporate opportunity; and (6) quantum meruit. Continental moved for summary judgment on all Rogers' theories alleging generally that his claims must fail as a matter of law because the letter of intent was unenforceable as it was nothing more than an agreement to negotiate a future agreement. Continental's motion for summary judgment specifically addressed Rogers' claims for: (1) breach of contract; (2) breach of fiduciary duty; (3) fraud; and (4) conversion and usurpation of corporate opportunity. Continental did not specifically address Rogers' claim for quantum meruit.

In his response to Continental's motion for summary judgment, Rogers objected to Continental's summary judgment evidence, and requested a continuance to conduct discovery. Rogers also raised the affirmative defenses of waiver, estoppel and quasi-estoppel in response to Continental's motion on the grounds that there was no breach of contract. Rogers further asserted that the letter of intent was an enforceable contract. Rogers did not respond to Continental's motion contending his other claims for breach of fiduciary duty, fraud, and conversion were without merit.

The trial court rendered summary judgment for Continental without specifying the grounds on which it based its ruling. The summary judgment also had a Mother Hubbard clause which provided: "[A]ll relief requested and not expressly granted is denied."

## Burden of Showing Error

In his first issue, Rogers contends that the trial court erred because his affidavit raised genuine issues of material fact as to his affirmative defenses of waiver, estoppel, and quasi-estoppel, as well as his claim of breach of enforceable contract. In five subpoints of error, appellant asserts: (1) Continental waived the 60–day termination provision of the contract; (2) the conduct of Continental constitutes estoppel with respect to the termination of the contract; (3) Continental cannot accept the benefits of the letter of intent by taking an inconsistent position to avoid obligations under the doctrine of quasi-estop-

pel; (4) the letter of intent was enforceable as a contract; and (5) if the letter of intent is not a contract, then Rogers is entitled to a recovery under the theory of quantum meruit. Rogers does not address any of the other independent grounds alleged in Continental's motion for summary judgment concerning the invalidity of Rogers' claims for breach of fiduciary duty, fraud, and conversion. On appeal, Rogers contends only that the trial court erred in granting Continental's motion for summary judgment on his breach of contract and specific performance claims. He further asserts he should recover in quantum meruit.

■ When, as here, a summary judgment does not state the specific grounds on which it was granted, a party appealing from the judgment must show that each of the independent arguments alleged in the motion is insufficient to support the judgment. *See Richardson v. Johnson & Higgins of Tex., Inc.*, 905 S.W.2d 9, 11 (Tex. App.—Houston [1st Dist.] 1995, writ denied). In *Richardson*, for example, the judgment did not specify the particular ground on which the trial court rendered summary judgment. *Id.* On appeal, Richardson addressed only one of the three grounds on which the summary judgment may have been based. *Id.* The court of appeals affirmed the judgment because Richardson did not show that each independent argument alleged in the motion was insufficient to support the judgment. *Id.*

Similarly, the summary judgment in this case did not specify the grounds on which it was based. Three of the arguments in Continental's motion for summary judgment were that Rogers' claims for breach fiduciary duty, fraud, and conversion were without merit. However, neither appellant's response to Continental's motion for summary judgment nor his brief on appeal addressed these arguments. As in *Richardson*, the appellants in this case did not show that each independent argument alleged in Continental's motion for summary judgment was insufficient to support the judgment. *See Richardson*, 905 S.W.2d at 11; *see also Smith v. Houston Lighting & Power Co.*, 7 S.W.3d 287, 290–291 (Tex. App.—Houston[1st Dist.] 1999, no pet.); *Inscore v. Karnes County Sav. & Loan Ass'n*, 787 S.W.2d 183, 184 (Tex.App.—Corpus Christi 1990, no writ).

■ A general point of error stating that "the trial court erred by granting the motion for summary judgment" would have been sufficient to preserve error for all possible grounds on which summary judgment should have been denied. *See Plexchem Int'l, Inc. v. Harris County Appraisal Dist.*, 922 S.W.2d 930, 930–31 (Tex. 1996). Appellant, however, did not bring a general point of error. In the absence of properly assigned error, we may not reverse a trial court's judgment. *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex.1990). Thus, the judgment must stand, because it may have been based on a ground not specifically challenged by appellant. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970). We overrule Rogers contentions under issue one that the trial court erred in granting summary judgment because his affidavit created material fact issues concerning the breach of contract and specific performance claims. We affirm the summary judgment on the theories alleged in Continental's motion for summary judgment.

### Quantum Meruit

■ As an alternative theory, Rogers claims in subpoint five to issue one that he is entitled to a recovery under the theory of quantum meruit. Although Continental's motion generally asked that all of Rogers' claims be denied, the motion did

not specifically address this theory of recovery. Because this alternative remedy was not specifically addressed in Continental's motion for summary judgment, we will review it. *See Fetty v.Miller,* 905 S.W.2d 296, 299 (Tex.App.—San Antonio 1995, writ denied).

In his brief Rogers argues that his affidavit and the exhibits attached thereto "clearly demonstrate that he performed a substantial amount of consulting work for appellee at its request." He does not state specifically what facts raise a genuine issue of material fact, but informs this court that this will "be demonstrated in a supplemental brief to be filed by appellants." There is no motion for supplemental brief on file in this case. Rogers provides no legal argument as to how quantum meruit is available to him in this case.

Rogers has not preserved this complaint for appellant review. Tex.R.App.P. 38.1(h); *Maranatha Temple, Inc. v. Enterprise Products Co.,* 893 S.W.2d 92, 106 (Tex. App.—Houston [1st Dist.] 1994, writ denied). We overrule Rogers' contention in subpoint five in issue one that contends he was entitled to quantum meruit.

### The Evidence Supporting the Summary Judgment

■ In his second issue, Rogers contends that Continental's motion for summary judgment was not supported by competent summary judgment proof. Attached to Continental's motion for summary judgment were two exhibits that Rogers contends were not properly authenticated under rule 901, Texas Rules of Evidence, and that they were hearsay.

Exhibit A was the letter of intent, Exhibit B was an affidavit of Nora Bush, and Exhibit C was a copy of a letter from Rogers to Mr. Isom. Although Rogers objected to these exhibits in his response to Continental's motion for summary judg-

ment, there is no order in the record sustaining Rogers' objections, and the order granting summary judgment did not reflect that the trial court considered objections.

■ A party objecting to the competency of summary judgment proof must obtain a ruling on its objection or obtain a written order signed by the trial judge and entered of record, or the objection is waived and the proof remains a part of the summary judgment record. *Castillo v. Tropical Texas Center for Mental Health and Mental Retardation,* 962 S.W.2d 622, 625 (Tex.App.—Corpus Christi 1997, no writ); *Bauer v. Jasso,* 946 S.W.2d 552, 556 (Tex.App.—Corpus Christi 1997, no writ); *Roberts v. Friendswood Development Co.,* 886 S.W.2d 363, 365 ([Tex.App.—Houston 1st Dist.] 1994, writ denied). Rogers has waived his complaint and we overrule his contentions in issue two.

### Failure to Grant a Continuance to Conduct Discovery

■ In his third issue, Rogers contends the trial court erred in failing to grant a continuance to conduct discovery and the case had only been on file for three months.

In his response to Continental's motion for summary judgment, Rogers asked for a continuance to complete discovery. Rogers specified the discovery he felt he needed to undertake and emphasized the short time the case had been on file.

When a party contends that he has not had an adequate opportunity for discovery before a summary judgment hearing, he must file either an affidavit explaining the need for further discovery or a verified motion for continuance. Tex.R.Civ.P. 166a(g), 251, 252; *Tenneco Inc. v. Enterprise Prods. Co.,* 925 S.W.2d 640, 647 (Tex. 1996). Rogers did not attach affidavits in

support of his need for a continuance, nor did he file a verified motion for continuance. Therefore, Rogers has waived his contention that he was denied a continuance to conduct discovery. *See also RHS Interests, Inc. v. 2727 Kirby Ltd.,* 994 S.W.2d 895, 897 (Tex.App.—Houston [1st Dist.] 1999, no pet.) (case was on file for only three months; nonmovant filed no affidavit nor verified motion for continuance; the court found that appellant waived his complaint on appeal). We overrule Rogers contentions in issue three contending the trial court abused its discretion in denying a continuance.

We affirm the judgment of the trial court.