Opinion issued February 27, 2003






 











In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00003-CV

____________


ELMER AND LINDA LANG, Appellants


V.


RMD PRINTING, INC. AND INSITE GROUP, Appellees






On Appeal from the 85th District Court

Brazos County, Texas

Trial Court Cause No. 52,928-85






MEMORANDUM OPINION

 In this suit for declaratory judgment, appellants, Elmer and Linda Lang (the
Langs), alleged that appellees, RMD Printing Inc. (RMD) and Insite Group,
fraudulently transferred equipment and assets to prevent the Langs from satisfying
a judgment against appellees. See Tex. Bus. & Com. Code Ann. § 24.001 (Vernon
2002). The trial court granted summary judgment to appellees, finding, as a matter
of law, that the equipment transfer was "for value," that the Langs were "estopped
and/or have waived any claims that the transfer was a 'fraudulent transfer,'" and the
transfer, which occurred in the Spring of 1997, could not be a fraudulent transfer in
regard to the Lang's rights established by a June 1999 judgment. In three points of
error, the Langs contend that the trial court erred in granting summary judgment for
appellees because there were questions of fact as to whether (1) RMD was denuded,
(2) the transfer was not in satisfaction of an antecedent debt, and (3) any antecedent
transfer was to an "insider." We affirm.

Facts and Procedural Background

 On February 1, 1995, the Langs sold their printing business to RMD, and RMD
executed a five-year lease agreement, a promissory note for $150,000 payable in
monthly installments, and an agreement securing the note with a first lien on all of the
business' personal property. Two years later, RMD decided to form a new limited
partnership to be called "Insite Printing." RMD notified the Langs of its proposed
limited partnership, and the Langs responded that the security agreement prevented
RMD from encumbering or moving the printing equipment from the business'
premises without their consent. The Langs refused to consent to the removal of the
equipment, but stated in a January 30, 1997 letter that, "[we] will be pleased to have
you prepay the balance owing on the note so that you can move forward to deal with
the equipment in any fashion you choose." At the time, RMD responded that it was
not in a position to prepay the note and suggested a possible subrogation agreement. 
The Langs responded with a letter on February 5, 1997, rejecting the subrogation
proposal and once again inviting RMD to "[P]ay off the unpaid balance owing on the
note. This will afford you the flexibility you desire in dealing with the collateral." 
Thereafter, RMD paid off the balance owing on the installment note, $100,000, and
received a letter from the Lang's with a "UCC-3 which releases the lien of Lang
Printing on the equipment." Subsequently, RMD finalized its limited partnership and
transferred the equipment to Insite Printing. 

 On June 22, 1999, two years after the formation of Insite, the Langs obtained
a final judgment that awarded them damages and attorney's fees for RMD's breach
of the five-year lease. The Langs then brought this action, alleging that the previous
transfer of equipment by RMD to Insite was a fraudulent transfer with the intent to
prevent the Langs from satisfying their judgment. 

 Appellees moved for, and the trial court granted, summary judgment based on
three grounds: 

 1. That the Defendants have judgment because as a matter of law, the
equipment transfer/merger with THE INSITE GROUP was "for value"
because it was made in exchange for the satisfaction of an antecedent
debt and additional cash consideration;


 2. That the Defendants have judgment that the Plaintiffs are estopped
and/or have waived any claim that the transfer of equipment/merger with
INSITE was a "fraudulent transfer" because of their representation to the
Defendants that the prepayment of the installment Note with a balance
of approximately $100,000.00 would free the Defendants to deal with
the equipment in any way that they choose, and would afford the
Defendants the "flexibility you desire in dealing with the collateral"; and


 3. That the equipment transfer/merger in the spring of 1997 cannot be
a fraudulent transfer in fraud of the Plaintiff's rights which were first
established by a judgment in June of 1999.


 The Langs argued that: (1) RMD transferred equipment to Insite to prevent the
Langs from being able to satisfy their judgment, (2) Insite engaged in a civil
conspiracy with RMD, and (3) the shareholders of RMD denuded it of its assets.Waiver

 On appeal, the Langs contend that there is a question of fact related to their
assertions that (1) appellees denuded the corporation, (2) there was no antecedent
transfer for value, and (3) any transfer in satisfaction of an antecedent debt was to an
insider and constituted a return of investment to the shareholders. 

 When there are multiple grounds for summary judgment, an appellant must
negate all grounds on appeal. State Farm Fire & Cas. Co. v. S.S., 858 S.W.3d 374,
380-81 (Tex. 1993). The party appealing from a summary judgment must show that
each independent ground alleged in the motion for summary judgment is insufficient
to support the summary judgment. Id. Where an appellant uses specific points of
error to attack a summary judgment and fails to attack one of the possible grounds on
which the judgment was granted, the summary judgment must be affirmed. Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970); Richardson v. Johnson &
Higgins of Tex., Inc., 905 S.W.2d 9, 11 (Tex. App.--Houston [1st Dist.] 1995, writ
denied). 

 Here, the Langs have failed to address one of the three grounds upon which the
trial court based summary judgment for appellees. The Langs challenge only the trial
court's first and third grounds for summary judgment, contending there was "no
antecedent transfer for value" and any possible antecedent debt transfer was to an
"insider." The Langs assign no point of error, nor present any argument against the
trial court's granting summary judgment to appellees on the trial court's second
ground of estoppel and waiver.

 In the absence of a general point of error complaining of summary judgment,
there must be a specific point on each possible basis for summary judgment to avoid
a waiver of those grounds. Parrish v. Brooks, 856 S.W.2d 522, 527 (Tex.
App.--Texarkana 1993, writ denied). If summary judgment may have been granted,
properly or improperly, on a ground not challenged, the summary judgment must be
affirmed. Holloway v. Starnes, 840 S.W.2d 14, 23 (Tex. App.--Dallas 1992, writ
denied). Here, the Langs did not state a general, Malooly point of error, but stated
three specific points of error for appeal. See Malooly, 461 S.W.2d at 121. Because 
the Langs failed to challenge one of the grounds upon which summary judgment was
granted by the trial court, they thereby waived any error.

 Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice

Panel consists of Justices Hedges, Jennings, and Alcala.