NO. 07-05-0335-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 11, 2007

______________________________
Â 

KODY KOTHMANN, APPELLANT

V.

CLINT COOK, APPELLEE

_________________________________

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 93-543,094; HONORABLE SAM MEDINA, JUDGE

_______________________________

Before CAMPBELL, PIRTLE, and BOYD, JJ.



MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Kody Kothmann, appeals an order granting a no-evidence motion for
summary judgment in favor of Appellee, Clint Cook. By two issues, he contends the trial
court erred (1) because the summary judgment evidence raised a genuine fact issue, and
(2) by striking an affidavit that would have raised a genuine fact issue. Finding no error,
we affirm.
Background
Â Â Â Â Â Â Â Â Â Â This controversy has been before this Court on two previous occasions; therefore, 
except as essential to the merits of this appeal, the details need not be restated a third
time. Reference is made to our previous opinions for the background facts.



Â Â Â Â Â Â Â Â Â Â On June 8, 1993, Kothmann filed suit against Cook and others asserting various
claims, including breach of fiduciary duty. All claims against other parties have been
previously disposed of and Kothmann has waived all claims and causes of action against
Cook, save and except his claim for breach of fiduciary duty.



Â Â Â Â Â Â Â Â Â Â On April 7, 2005, Cook filed a no-evidence motion for summary judgment alleging
â[n]o evidence exists to show [Cook] either breached any duty owed to [Kothmann] or that
[Cookâs] alleged breach caused harm to [Kothmann].â Kothmann failed to file a timely
response, leading the trial court to grant summary judgment on May 20, 2005. The trial
court subsequently granted Kothmann a new trial and leave to file a response. On June
24, 2005, Kothmann filed a response which consisted of (a) a copy of Plaintiffâs Fourth
Amended Petition, (b) the Affidavit of Kody Kothmann dated June 24, 2005, and (c) the
Affidavit of Steven L. Lee, dated June 23, 2005. Kothmannâs affidavit set forth pertinent
facts and expressed the opinion that Cook had breached a fiduciary duty owed to
Kothmann, thereby causing damages. Leeâs affidavit, which purported to be an expert
affidavit, also expressed the opinion that Cook had breached a fiduciary duty owed to
Kothmann. 
Â Â Â Â Â Â Â Â Â Â Cook filed a motion objecting to these affidavits and on July 22, 2005, the trial court
conducted a hearing on that motion. At that hearing, the trial court sustained objections
to both affidavits, striking the Lee affidavit in its entirety and striking that portion of
Kothmannâs affidavit which purported to give an expert opinion on the issue of breach of
a fiduciary duty. The trial courtâs rulings were never reduced to a written order; however,
they are contained in the reporterâs record of that hearing. 
Â Â Â Â Â Â Â Â Â Â Thereafter, Kothmann filed the Supplemental Affidavit of Lee and a new affidavit of
his own, both of which were acknowledged on July 29, 2005. On August 1, 2005, Cook
filed his Response to and Motion to Strike Plaintiffâs Amended Summary Judgment
Affidavits and on that same day, the trial court entered an order purporting to grant that
motion. On August 16, 2005, the trial court granted Cookâs no-evidence motion for
summary judgment without specifying the basis of its ruling. 
Â Â Â Â Â Â Â Â Â Â By his first issue, Kothmann alleges the trial court erred in granting Cookâs no-evidence motion for summary judgment. By his second issue, he alleges the trial court
erred in striking his affidavit in its entirety. We disagree.
Standard of Review
Â Â Â Â Â Â Â Â Â Â In reviewing a no-evidence summary judgment, this Court must apply well-established standards. Under Texas Rule of Civil Procedure 166a(i), after an adequate
time for discovery, a party may move for summary judgment on the ground that there is no
evidence to support at least one of the essential elements of the non-movantâs claim or
defense. Western Investments, Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005). A no-evidence motion for summary judgment must specifically set forth the elements of the non-movantâs claim or defense for which there is no evidence. Id. When properly raised, the
burden shifts and the trial court must grant summary judgment unless the adverse party
produces sufficient summary judgment evidence raising a genuine issue of material fact. 
Forbes, Inc. v. Granada Biosciences, 124 S.W.3d 167, 172 (Tex. 2003); Johnson v.
Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002). 
Â Â Â Â Â Â Â Â Â Â Because a no-evidence summary judgment is essentially a pretrial directed verdict,
we apply the same legal sufficiency standard we apply in reviewing a directed verdict. King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003); Roth v. FFP Operating
Partners, 994 S.W.2d 190, 195 (Tex.App.âAmarillo 1999, pet denied.); Jackson v. Fiesta
Mart, Inc., 979 S.W.2d 68, 70 (Tex.App.âAustin 1998, no pet.) Accordingly, we must
ascertain whether the non-movant has produced any evidence of probative force to raise
a fact issue on a material issue and we must consider all the evidence in the light most
favorable to the party against whom the no-evidence summary judgment was rendered.
Merrell Dow Pharmaceuticals v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied,
523 U.S. 1119 (1998). A no-evidence summary judgment is not proper if the non-movant
has presented more than a scintilla of probative evidence to raise a genuine issue of
material fact. Fiesta Mart, Inc., 979 S.W.2d at 70-71. More than a scintilla of evidence
exists when the evidence ârises to a level that would enable reasonable and fair-minded
people to differ in their conclusions.â Havner, 953 S.W.2d at 711. Â 
Â Â Â Â Â Â Â Â Â Â When an order granting summary judgment does not specify the grounds upon
which it was granted, we must affirm the trial courtâs judgment if any of the theories
advanced are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Rogers v.
Ricane Enterprises., Inc., 772 S.W.2d 76, 79 (Tex. 1989); Insurance Co. of N. Am. v.
Security Ins. Co., 790 S.W.2d 407, 410 (Tex.App.âHouston [1st Dist.] 1990, no writ). 
Therefore, when the order granting summary judgment does not specify the grounds upon
which it is granted, a non-movant will defeat a no-evidence summary judgment only by
presenting competent summary judgment evidence on every element of his claim or
defense for which the movant has asserted there is no evidence. 
Â 

Breach of Fiduciary Duty
Â Â Â Â Â Â Â Â Â Â The elements of breach of fiduciary duty are: (1) a fiduciary relationship between
the plaintiff and the defendant; (2) the defendant must have breached its fiduciary duty to
the plaintiff; and (3) the defendantâs breach must result in injury to the plaintiff or benefit
to the defendant. Punts v. Wilson, 137 S.W.3d 889, 891 (Tex.App.âTexarkana 2004, no
pet.). Cook maintains the trial court did not err in granting summary judgment because
there is no evidence of either the second or third elements.
Summary Judgment Evidence



(A) Steven L. Lee Affidavits

Â Â Â Â Â Â Â Â Â Â As part of his summary judgment response evidence, Kothmann submitted the June
23, 2005, affidavit of his expert witness, Steven L. Lee. Cook moved to strike this affidavit. 
The trial court conducted a hearing on Cookâs motion to strike and orally pronounced that
the affidavit would be stricken in its entirety; however, the court never signed an order to
that effect. Prior to the enactment of Rule 33.1(a)(2)(A) of the Texas Rules of Appellate
Procedure, it was clear that unless an order sustaining an objection to summary judgment
evidence was reduced to writing, signed, and entered of record, the evidence remained
part of the summary judgment evidence for consideration by the trial court. Banowsky v.
State Farm Mut. Auto. Ins. Co., 876 S.W. 2d 509, 513 (Tex.App.âAmarillo 1994, no writ);
Eads v. American Bank, N.A., 843 S.W.2d 208, 211 (Tex.App.âWaco 1992, no writ). 
However, where a hearing has been held on the motion, and the trial court has clearly and
unequivocally sustained the objection, the objected to evidence does not form part of the
summary judgment evidence. Crocker v. Paulyneâs Nursing Home, Inc., 95 S.W.3d 416,
421 (Tex.App.âDallas 2002, no pet.); Rogers v. Continental Airlines, Inc., 41 S.W.3d 196,
200 (Tex.App.âHouston [14th Dist.] 2001, no pet.). Kothmann did not assign error to the
exclusion of Steven L. Leeâs affidavit of June 23rd.
Â Â Â Â Â Â Â Â Â Â After the trial court orally struck Leeâs June 23rd affidavit, Kothmann filed a second
affidavit of Steven L. Lee dated July 29, 2005. On August 1, 2005, the trial court entered
its Order Granting Defendantâs Response to and Motion to Strike Plaintiffâs Amended
Summary Judgment Affidavits striking the July 29th affidavit. Kothmann did not assign
error to the exclusion of Steven L. Leeâs affidavit of July 29th. 
Â Â Â Â Â Â Â Â Â Â Evidence which has been excluded by written order or ruling of the court is not part
of the summary judgment evidence to be considered. Rayl v. Borger Econ. Dev. Corp.,
963 S.W.2d 109, 113 (Tex.App.âAmarillo 1998, no pet.). Therefore, neither of the two
Steven L. Lee affidavits constitute part of the competent summary judgment evidence in
this case.
(B) Kody Kothmann Affidavits
Â Â Â Â Â Â Â Â Â Â As part of his summary judgment response evidence, Kothmann also submitted his
own affidavit dated June 24, 2005. Cook moved to strike this affidavit. The trial court
conducted a hearing on that motion and orally pronounced that the affidavit would be
stricken as to those portions wherein Kothmann attempted to give a legal opinion as to
whether Cook breached a standard of care owed to him. Kothmann did not assign error
to the exclusion of this portion of that affidavit.
Â Â Â Â Â Â Â Â Â Â After the trial court orally struck portions of Kothmannâs June 24th affidavit, he also
filed a second affidavit dated July 29, 2005. This second affidavit was struck in its entirety
by the August 1, 2005 order. By his second issue, Kothmann alleges that the trial court
erred by excluding his July 29th affidavit. Kothmann contends that this affidavit would have
raised a genuine fact issue precluding Cookâs no-evidence motion for summary judgment. 
Analysis
Â Â Â Â Â Â Â Â Â Â Because the order granting Cookâs motion for summary judgment did not specify the
grounds upon which it was granted, this Court must affirm the judgment if any of the
theories advanced by Cook are meritorious. Carr, 776 S.W.2d at 569.
Â Â Â Â Â Â Â Â Â Â Cookâs motion for summary judgment specifically sets forth the elements which he
contends there is no evidence of, to wit: (1) breach of a duty owed, and (2) causation of
damages. Having properly pleaded a no-evidence summary judgment claim, the burden
shifted to Kothmann to show a scintilla of summary judgment evidence raising a genuine
fact issue as to each of these elements. 
Â Â Â Â Â Â Â Â Â Â Claims based upon a breach of fiduciary duty require expert testimony on the issues
of breach and causation of damages where the determination of those issues âis not one
that lay people would ordinarily be competent to make.â Arce v. Burrow, 958 S.W.2d 239,
252 (Tex.App.âHouston [14th Dist.] 1997), affâd in part, revâd in part on other grounds, 997
S.W.2d 229 (Tex.1999); Alexander v. Turtur & Associates, Inc., 146 S.W.3d 113, 199-20
(Tex. 2004). Thus, the question before us is whether the breach, causation, and damages
issues in this case are plainly within the common knowledge of laymen.
Â Â Â Â Â Â Â Â Â Â Kothmannâs claim against Cook is predicated on a lengthy set of circumstances
involving questions of legal representation and fiduciary duties. The facts at issue
transcend a period of over five years, involving litigation in multiple counties, before several
different judges, on numerous legal theories. The seminal dispute centers around Cookâs 
appearance at a hearing on the motion of Kothmannâs ex-wife to revoke an order
suspending imposition of a contempt sentence in suit affecting the parent-child
relationship. The hearing at issue also involved a determination of the priority of interests
in property which was the subject of a turnover order. Under those circumstances, as a
matter of law, a layman could not be expected to ascertain, without guidance from a legal
expert, whether Cook breached a fiduciary duty owed to Kothmann arising from their
attorney-client relationship, or whether there was a cause in fact relationship between
Cookâs conduct and Kothmannâs claimed damages. Therefore, expert testimony was
required to raise a fact issue as to whether Cook breached a fiduciary duty owed to
Kothmann, as well as whether such a breach, if any, proximately caused Kothmannâs
damages. 
Â Â Â Â Â Â Â Â Â Â As a layman, Kothmann could not provide relevant summary judgment evidence on
an issue requiring expert testimony. Because Kothmannâs affidavits could not provide the
requisite summary judgment evidence, we conclude the trial court did not err by excluding
his July 29th affidavit. Kothmannâs second issue is overruled. 
Â Â Â Â Â Â Â Â Â Â Furthermore, because the two affidavits of Steven L. Lee were excluded from
consideration, we conclude Kothmann failed to raise a scintilla of expert evidence as to
whether Cook breached a fiduciary duty owed to Kothmann. Without expert testimony,
Kothmann also failed to raise a scintilla of evidence as to whether such a breach, if any,
proximately caused him to suffer any damages. Issue one is overruled. 
Â Â Â Â Â Â Â Â Â Â Accordingly, we hold the trial court did not err in granting Cookâs motion for summary
judgment. The order of the trial court granting summary judgment is affirmed.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Patrick A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice






4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpLast, li.MsoTitleCxSpLast, div.MsoTitleCxSpLast
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoSubtitle, li.MsoSubtitle, div.MsoSubtitle
 {mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Subtitle Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoNoSpacing, li.MsoNoSpacing, div.MsoNoSpacing
 {mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraph, li.MsoListParagraph, div.MsoListParagraph
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpFirst, li.MsoListParagraphCxSpFirst, div.MsoListParagraphCxSpFirst
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpMiddle, li.MsoListParagraphCxSpMiddle, div.MsoListParagraphCxSpMiddle
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpLast, li.MsoListParagraphCxSpLast, div.MsoListParagraphCxSpLast
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoQuote, li.MsoQuote, div.MsoQuote
 {mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Quote Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:black;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoIntenseQuote, li.MsoIntenseQuote, div.MsoIntenseQuote
 {mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Intense Quote Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:.65in;
 margin-bottom:14.0pt;
 margin-left:.65in;
 line-height:115%;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD .5pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleEmphasis
 {mso-style-priority:19;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:gray;
 font-style:italic;}
span.MsoIntenseEmphasis
 {mso-style-priority:21;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleReference
 {mso-style-priority:31;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 text-decoration:underline;
 text-underline:single;}
span.MsoIntenseReference
 {mso-style-priority:32;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 letter-spacing:.25pt;
 font-weight:bold;
 text-decoration:underline;
 text-underline:single;}
span.MsoBookTitle
 {mso-style-priority:33;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 letter-spacing:.25pt;
 font-weight:bold;}
p.MsoTocHeading, li.MsoTocHeading, div.MsoTocHeading
 {mso-style-noshow:yes;
 mso-style-priority:39;
 mso-style-qformat:yes;
 mso-style-parent:"Heading 1";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.Heading1Char
 {mso-style-name:"Heading 1 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 1";
 mso-ansi-font-size:14.0pt;
 mso-bidi-font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 font-family:"Calibri","sans-serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0274.CV%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0274.CV%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0274.CV%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0274.CV%20opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-page-numbers:1;
 mso-title-page:yes;
 mso-footer:url("07-10-0274.CV%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0274.CV%20opinion_files/header.htm") f2;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->








NO. 07-10-00274-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 



APRIL
8, 2011

Â 



Â 

UNIFUND CCR PARTNERS, APPELLANT

Â 

v.

Â 

GUS MORELAND, APPELLEE 



Â 



Â 

 FROM THE COUNTY COURT AT LAW NO. 2
OF TARRANT COUNTY;

Â 

NO. 2010-078591-2; HONORABLE SIDNEY C. FARRAR, JR., JUDGE



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Appellant Unifund CCR Partners
appeals the trial courtÂs order sustaining the plea to the jurisdiction of appellee Gus T. Moreland and dismissing the case.Â  We will reverse and remand the case to the
trial court for further proceedings.

Background

Unifund sued Moreland.Â  In its live petition Unifund
alleged: ÂIn the usual course of business, CITIBANK SOUTH DAKOTA NA, advanced funds
to [Moreland] pursuant to credit card #5491130088816632.Â  [Unifund] is the
assignee of this credit card agreement.ÂÂ 
On March 5, 2010, Moreland filed a plea to the jurisdiction alleging
Â[w]ithout some admissible evidence of the
assignment, [Unifund] lacks standing to bring its
claims.ÂÂ  Moreland filed no evidence
supporting his plea.

The clerkÂs record contains UnifundÂs response, with attached evidence, to MorelandÂs
plea.Â  The response, under a cover letter
from UnifundÂs attorney dated May 12, was received by
the county clerk on May 14, 2010.Â  On the
same day, the trial court signed an order dismissing the case for want of
jurisdiction.Â  In part, the order states
Â[a]fter hearing arguments of counsel and reviewing
the documents filed in this cause, the Court finds that [MorelandÂs] Plea
should be GRANTED.ÂÂ  Unifund
did not file a motion for new trial but timely perfected this appeal.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Analysis

Â Â Â Â Â Â Â Â Â Â Â  Today,
on virtually identical facts and arguments,[1]
we decided Unifund CCR Partners v. Watson, No. 07-10-0273-CR
(Tex.App.--Amarillo, Apr. 8, 2011).Â  Based on the reasoning and conclusions
expressed by our opinion in Watson,
we hold in the present case Unifund sufficiently
plead its standing by alleging it was the assignee of MorelandÂs credit card
account.Â  When, by plea to the
jurisdiction Moreland challenged the facts supporting UnifundÂs
allegation, Moreland was obligated to present evidence conclusively negating
the challenged allegation.Â  See Texas
DepÂt of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004)
(the standard generally mirrors that of a traditional motion for summary
judgment); Tex. R. Civ. P. 166a(c).Â  But
Moreland offered no evidence and therefore did not discharge his evidentiary
burden.Â  Thus it was unnecessary for Unifund to present a response with evidence sufficient to
establish the existence of an issue of fact on its claimed status as assignee
of MorelandÂs account.Â  As we further
concluded in Watson, we also conclude
here UnifundÂs claim of error was sufficiently
preserved for appellate review and it was unnecessary for Unifund
to bring forward a court reporterÂs record of the plea to the jurisdiction
hearing conducted by the trial court. 

Â Â Â Â Â Â Â Â Â Â Â  We
sustain UnifundÂs issue and remand the case to the
trial court for proceedings consistent with this opinion.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  James
T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  








Â 











[1] Watson and Moreland are represented by the same
attorney.Â  Unifund,
likewise, appears in both cases by the same attorney.Â  The briefs filed in the two cases are
essentially mirror images.Â