

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-21-00350-CV

---

STEPHANIE WOOLFOLK, Appellant

V.

GEORGE ANTHONY DEVORE, DDS AND MANSFIELD SMILES AND
ORTHODONTICS, PC, Appellees

---

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-315177-20

---

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

In two issues, Appellant Stephanie Woolfolk appeals the trial court's orders granting summary judgment in favor of Appellees George Anthony Devore, DDS and Mansfield Smiles and Orthodontics, P.C. (Mansfield Smiles). Specifically, Woolfolk asserts only that the trial court erred in granting Appellees' motions for traditional summary judgment on statute of limitations grounds. Because the trial court granted Appellees' motions for both traditional and no-evidence summary judgment and Woolfolk raises no challenge to the no-evidence grounds, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Beginning in January 2014, Woolfolk received dental care from Devore, who, at the time, worked as a dentist for Mansfield Smiles. This care included Devore's performing a root canal in January 2014 on one of Woolfolk's teeth that had become abscessed. Devore re-treated this tooth in October 2014 after Woolfolk was informed by a different dentist that Devore had not completed the root canal procedure. In November 2014, another endodontic specialist examined the problem tooth and informed Woolfolk that he had discovered a file used in the performance of the root canal procedure that had separated and become lodged in the canal. Over the next two years, Woolfolk had recurrent pain and difficulties with this tooth that led to its eventual removal. She continued to receive dental treatment from Devore until 2015 and Mansfield Smiles until December 2017, when it dismissed her as a patient.

Woolfolk sued Devore and Mansfield Smiles on February 13, 2020, for negligence stemming from the allegedly faulty root canal procedure that left the separated file in the canal and for the related follow-up care she received. She also asserted that Appellees negligently abandoned her as a patient in retaliation for reporting Devore to the Texas Dental Board.

Through a series of filings, both Devore and Mansfield Smiles presented traditional and no-evidence motions for summary judgment.[1] The motions for traditional summary judgment argued primarily that Woolfolk's claims were barred by the two-year statute of limitations governing healthcare liability claims. *See* Tex. Civ. Prac. & Rem. Code § 74.251(a). The no-evidence motions asserted that Woolfolk had proffered no evidence to establish the duty, breach, or causation elements of her negligence claims.

After the hearing, the trial court entered two written orders that granted (1) "George Anthony Devore, DDS's Traditional and No-Evidence Motion for Summary Judgment" and (2) "Defendant Mansfield Smiles and Orthodontics, P.C.'s

---

[1]Devore's final pleading was entitled "Defendant George Anthony Devore, DDS's Traditional Motion for Summary Judgment, No-Evidence Motion for Summary Judgment, and Notice of Hearing." Mansfield Smiles' final pleading was entitled "Defendant Mansfield Smiles and Orthodontics, P.C.'s Second Supplemental Traditional and No-Evidence Motion for Summary Judgment." *See Lot 6, NW 17%2C of 5 v. State*, No. 13-07-00326-CV, 2009 WL 1801466, at *1 (Tex. App.—Corpus Christi–Edinburg June 25, 2009, no pet.) (affirming grant of summary judgment that was based in part on a supplemental motion); *Pugh v. Gen. Terrazzo Supplies, Inc.*, 243 S.W.3d 84, 87–88 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (same).

Traditional and No-Evidence Motion for Summary Judgment."[2] Neither order stated the particular grounds upon which they were decided, and Woolfolk made no request for the trial court to specify the grounds.

## II. RELEVANT LAW

We review the trial court's granting of summary judgment de novo. *Provident Life and Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When, as here, a trial court's order granting summary judgment does not specify the grounds relied on for its ruling, "we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Id.* at 216. When the trial court's judgment can rest upon more than one independent ground, the complaining party must assign error to each ground, or the judgment will be affirmed on the ground against which no complaint is made. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied).

More specifically, if the trial court grants both traditional and no-evidence motions for summary judgment and no error is assigned to the no-evidence grounds,

---

[2]Though the titles of the motions cited in the orders do not match exactly the titles of the motions filed by the parties, Woolfolk has not complained that she did not receive fair notice of the claims made by Appellees in any of the motions or supplements. *See Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190, 194 (Tex. App.—Amarillo 1999, pet. denied) (explaining that motions for summary judgment must give "fair notice" adequate to define the issues and for non-movant to oppose the motion); *see also Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004) (holding that a single summary judgment motion may combine traditional and no-evidence bases as long as it clearly sets forth its grounds and otherwise complies with Rule 166a).

we must affirm the summary judgment. *Kritzer v. Kasden*, No. 02-13-00414-CV, 2014 WL 5492219, at *2 (Tex. App.—Fort Worth Oct. 30, 2014, no pet.); *see Lien Kim Luu v. Rice*, No. 02-14-00326-CV, 2015 WL 4599377, at *2 (Tex. App.—Fort Worth July 30, 2015, no pet.) (holding that failure to present argument against granted no-evidence motion is dispositive for appellate court and renders moot appellant's issues pertaining to the trial court's granting of traditional summary judgment motion); *Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 387 (Tex. App.—El Paso 2009, no pet.) ("Because the Appellant has failed to raise a challenge to the granting of the summary judgment on no-evidence grounds, this issue is waived on appeal, and we must affirm the summary judgment on those grounds.")

## III. DISCUSSION

On appeal, Woolfolk inaccurately asserts that the trial court decided Appellees' summary judgment motions on a single ground: that her claims were barred by the statute of limitations. She argues only that the trial court improperly granted Appellees' traditional motions for summary judgment because (1) her claims related to the root canal procedure, separated file, and follow-up care were not barred by the statute of limitations because they arose during an active course of treatment and, thus, did not accrue until her last date of treatment in December 2017; and (2) her patient abandonment claim also could not have accrued until December 2017, when Mansfield Smiles dismissed her as a patient.

Among other arguments, Appellees respond that we must affirm the judgment because the trial court granted both their traditional and no-evidence motions, and Woolfolk did not raise any issue related to the no-evidence motions. Woolfolk replies that this argument is "disingenuous" because the only issue argued at the summary judgment hearing was related to the traditional motions and whether her claims were barred by the statute of limitations.[3] According to Woolfolk, the trial court stated at the hearing that Appellees' no-evidence motions would be "moot" if it granted their traditional motions.

Because Woolfolk failed to challenge the trial court's granting of Appellee's no-evidence summary judgment motions, we must affirm the judgment. *See Kritzer*, 2014 WL 5492219, at *2. This is true—regardless of the arguments presented by counsel or any oral pronouncements made by the trial court at the hearing—because the written orders control. *See Richardson v. Johnson & Higgins of Tex., Inc.*, 905 S.W.2d 9, 11–12 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("It is the court's order that counts, not the stated reason or oral qualifications." (citing *Jampole v. Touchy*, 673 S.W.2d 569, 574 (Tex. 1984), *disapproved of on other grounds by Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992))). Necessarily, we overrule Woolfolk's issues related

---

[3]No transcript of the hearing was made.

to Appellees' traditional summary judgment motions because they are moot.[4]  *See* Tex. R. App. P. 47.1; *Lien Kim Luu*, 2015 WL 4599377, at *2.

## IV.  CONCLUSION

Having overruled Woolfolk's two issues, we affirm the trial court's granting of Appellees' motions for summary judgment on the unchallenged no-evidence grounds. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  May 5, 2022

---

[4]We will note that, even had we reached the merits of Woolfolk's issues, she faced an uphill battle to succeed on appeal given the facts of her case and well-settled Texas law governing the accrual of health-care liability claims.  *See* Tex. Civ. Prac. & Rem. Code § 74.251(a); *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001); *Pignano v. Cash*, No. 02-21-00168-CV, 2022 WL 60737, at *6-8 (Tex. App.—Fort Worth Jan. 6, 2022, pet. filed).